Edward R. KIZER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–14776.

Court of Criminal Appeals of Oklahoma.

Jan. 14, 1970.

Rehearing Denied May. 8, 1970.

Sam Sullivan, Durant, Thad Klutts, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., David L. Russell, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Edward R. Kizer, hereinafter referred to as defendant, was charged with the crime of murder and trial resulted in a jury verdict of manslaughter in the first degree. In accordance with the verdict, the District Court of Choctaw County imposed the judgment and sentence of five (5) years in the state penitentiary and defendant perfected this appeal.

The facts as developed in the trial are that on the night of June 16, 1966, the defendant and his wife attended a rodeo in Hugo, Oklahoma. The defendant had been drinking alcoholic beverages prior to and during the rodeo and he and his wife went to a dance after the rodeo. Apparently, defendant and his wife were separated at the dance and when he located her, she was in a car with the deceased, Todd Whatley. The defendant tried to gain entrance into the car but upon being unsuccessful, he, according to his own testimony, went to his own car, got his gun, and returned to Whatley's car; upon seeing a struggle therein between his wife and Whatley, defendant again tried to get in the car but could not, so he started shooting and inflicted the mortal wounds upon the deceased.

For reversal, the defendant alleges three (3) assignments of error and they will be dealt with in the order presented.

First, defendant asserts that the trial court erred in permitting the special prosecutor to take complete charge of the trial of the case. This court has repeatedly held that a special prosecutor cannot supersede the duly qualified prosecutor and should not be permitted to control the case. Perry v. State, 84 Okl.Cr. 211, 181 P.2d 280, and Tippet v. State, Okl.Cr., 332 P.2d 222. Defendant urges that the mere participation of a special prosecutor and his active participation in the trial should be grounds for reversal. A review of those cases decided by this court in which there was a reversal or modification discloses that in each instance there was gross misconduct by the special prosecutor. In other words, reversal or modification resulted because of what was done or said by the prosecutor and not merely because there was a special prosecutor who actively participated in the trial proceedings.

The record in the instant case is silent as to who retained the special prosecutor and precisely what his interest, if any, might have been. When the first witness was called by the State, defense counsel

objected to the "special prosecutor taking over." The court then asked the District Attorney whether he was turning the case over to the special prosecutor and the District Attorney stated, "No, sir, Your Honor." The court then went further and asked the District Attorney if he was intending to participate in the case actively, himself and his reply was, "Yes, sir * * * Your Honor, I will." This summary of the proceedings is all that is in the record concerning this assignment of error.

■ It is our opinion that defense counsel did not go far enough into the matter in order to provide this Court with the necessary record to fully deal with this assignment of error. The record does not reveal who employed the special prosecutor; and the record is silent concerning the interest of the special prosecutor in the case; and also, there is nothing in the record that remotely indicates any misconduct or prejudice on the part of the special prosecutor. The most recent case touching upon this problem is the case of Born v. State, Okl.Cr., 397 P.2d 924. In the Born case, this Court held that a defendant is entitled to prove pecuniary interest of a special prosecutor and upon a showing of prejudice on his part, a reversal would result. Since there was no such showing in the case at bar, this assignment of error cannot possibly be a basis for reversal or modification.

The second assignment of error is that the trial court permitted certain witnesses to testify to matters which consisted of privileged communication.

The basis for this assignment of error arises from the testimony of the wife of the defendant and not the defendant himself. Opal Kizer was injured by some of the shots fired by her husband, the defendant, and was taken to the hospital in Hugo, Oklahoma. It should be noted at this point that the *defendant* called this witness to the stand and as a part of her direct examination brought out the fact that she was struck by four of the bullets fired by her husband. On cross-examination, the witness went into more detail concerning the wounds she sustained and she further testified that she did not remember whether she saw one Jewell Tice at the hospital, nor did she remember what she may have said while being examined upon her arrival at the hospital. She emphatically denied that her husband has ever tried to kill her.

■ On rebuttal, the State called Jewell Tice as a witness, who testified that on June 16, 1966, she was present when Opal Kizer was brought to the hospital and that she aided in cleaning up and preparing Opal Kizer for her trip to Oklahoma City by ambulance. She further testified that Opal Kizer told her in substance that this was the third time the defendant has tried to kill her. Thus, it is readily apparent that this was proper evidence for the purpose of impeaching the witness called by the defendant.

■ Furthermore, for two reasons the testimony of Jewell Tice does not appear to be a matter that is within the scope of 12 O.S. 385(6), which is the statute relating to privileged communications. First, it is elementary that confidential communication is for the benefit of the patient and not for a third party. This was not a communication between the defendant and the nurse and therefore he has no standing to object, on the basis of privileged communication. Secondly, since defendant placed the witness on the stand and opened the door on direct examination, he cannot now complain about an error of his own making.

■ Finally, the third assignment of error concerns the alleged misconduct of the special prosecutor in his cross-examination of a character witness called by the defendant. The witness was a city policeman and a former deputy sheriff. The State in cross-examination of this witness asked certain questions for the purpose of testing

his knowledge of defendant's character. There was some suggestion or inference that defendant may have had an affair with a female who lived in close proximity to him. The court properly told the prosecution that such questions were not proper unless more than suggestions or inferences were offered, whereupon the prosecution indicated that it would; and thereafter, the State offered the sworn testimony of a witness at a previous trial. The record reveals a good faith effort was made by the State to have her present at this trial, but she could not be served with process. The offer, of this testimony, was for the purpose of fulfilling the statement to the court that the State would offer proof of the suggestions, or inferences, raised on cross-examination. However, the offer of proof was objected to for other reasons it was not admitted. In ruling on the motion for new trial, the trial court stated that in his opinion there was no "misconduct because the State in good faith had sought to make the proof, and apparently thought that he was able to do so. He was prevented only by the court's ruling on the admissibility of the transcript in prior testimony."

In each of the many cases cited by the defendant in which a reversal was obtained, the State failed to prove, or to offer proof, in an effort to support the inferences raised on cross-examination. We feel that this case is distinguishable from those cases because the record bears out the finding of the trial judge that the prosecution had made a good faith effort to prove that there was substance to the alleged improper cross-examination.

In view of the strong evidence presented by the prosecution and the light sentence given by the jury, we are of the opinion that the defendant received a fair and impartial trial, according to due process of law, and therefore the judgment and sentence of the trial court is hereby affirmed.

BUSSEY and NIX, JJ., concur.