**Guy TOWNLEY, Plaintiff in Error,**

**v.**

**Barbara Sue CASABA, Defendant in Error.**

**No. 42299.**

Supreme Court of Oklahoma.

Sept. 8, 1970.

Sam A. Townley of Townley & Freeman, Oklahoma City, for plaintiff in error.

Bill F. Chastain, Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

In this case, defendant in error (hereinafter referred to as "plaintiff") recovered judgment in the amount of $200.00 for damages to her 1962 Model Chevrolet in its collision with a 1956 Model Chevrolet driven by plaintiff in error (hereinafter referred to as "defendant") at the intersection of Northwest 36th and North Shartel Streets in Oklahoma City.

Shartel is a north-south street, and 36th is an east-west street. Both are four-lane streets, each accommodating two lanes of traffic moving in opposite directions. The paved two lanes for north bound traffic on Shartel are separated from its pavement for the two south bound traffic lanes by a dirt median, or parkway, enclosed by concrete curbing. Thirty-sixth Street has no separation of its traffic lanes, except by painted median lines. The intersection of these two streets is on a hill, rendering it higher than its approaches, except the approach to it from the south on Shartel. Traffic at the intersection is controlled by automatic, electric traffic lights.

Just before the collision, plaintiff's auto was approaching the intersection from the west, in 36th Street's traffic lane closest to said street's south curb line; and the traffic light facing her had turned green. Defendant's auto had been stopped, facing west, on said street's "inside" lane for west bound traffic, awaiting a gap in said street's east bound traffic, to afford clearance for turning left and proceeding southward on Shartel. When such a gap occurred in the line of cars moving east on 36th Street's northernmost lane for such traffic, defendant seized this opportunity to start his car's left turn to the south, not seeing (according to defendant's evidence) plaintiff's car approaching the intersection from the west on 36th Street's "outside" or southernmost traffic lane for east bound traffic.

According to defendant's evidence, the collision occurred after his car had completed, or almost completed, its turn left, or southward, into Shartel, from its stopped, or standing, position near the center of the intersection, when plaintiff's car also turned southward into Shartel from 36th Street's southernmost traffic lane. As showing that his car was already out of the intersection and headed south on Shartel, when plaintiff's car struck his, defendant cites the fact that plaintiff's auto's right front corner came into contact with his auto behind the latter's right rear door,

only 18 inches forward from the end of its rear bumper.

At the jury-waived trial, defense counsel introduced into evidence an Exhibit bearing a printed copy of Title 21, § 21.3.02, of Oklahoma City's Revised Ordinances, 1960. This ordinance provides in part, as follows:

"The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, * * *".

Thereafter, in orally announcing judgment for plaintiff, the trial court made certain remarks, which are not incorporated as findings, nor otherwise referred to, in the journal entry of his judgment. Among these remarks, the court stated the following:

"* * * under the Ordinance that has been introduced, that a person desiring to turn left must ascertain or yield the right-of-way to any vehicle in the intersection or so close there to as to constitute an immediate hazard. That the defendant failed to yield the right-of-way therein and therefore it is the judgment of this Court that the plaintiff prevail * * *".

In his present appeal from said judgment, defendant, under his PROPOSITION I, contends (notwithstanding he was the party who introduced it into evidence) the above quoted ordinance—on which he says the trial court "based its finding of negligence"—is not applicable to this case.

Under his PROPOSITION II, defendant contends that, regardless of whether his car, or plaintiff's car, had the right of way at the intersection, the undisputed facts show that, at the time of the collision, plaintiff's car was traveling "at a speed greater than would permit her to bring her vehicle to a stop within the assured clear distance ahead."

As to defendant's first argument, we notice that, in the trial judge's oral remarks announcing his judgment—besides his reference to defendant's failure to yield the right of way—he also noted that, immediately before the collision, defendant's car "was cutting across * * *"; and the evidence shows that this remark could have appropriately applied to his car's springing from its stopped position in the intersection, to the point at the intersection's southern edge, or even further south, where the collision occurred. None of such remarks can be employed, however, to reverse the judgment herein appealed from, as they were not incorporated in the journal entry of judgment. See Diem v. Diem, Okl., 372 P.2d 19, 23, and the cases there cited and referred to.

With reference to his second proposition, defendant says the "very fact" that plaintiff, "knowing her view of the traffic from the opposite direction was obstructed", proceeded into the intersection "without being able to stop within the assured clear distance ahead, amounts to negligence and bars her from recovery." We cannot say, as a matter of law, that plaintiff turned into Shartel off of 36th Street at a speed greater than would permit her to bring her vehicle to a stop within the assured clear distance ahead, or that she was negligent, by reason of her view being obstructed, in entering the intersection at the speed she was then traveling.

Plaintiff testified that, as she approached Shartel on 36th Street's outside lane, her car was traveling 15 miles per hour, and there was a line of other cars headed east on the latter street's inside lane, preventing her from seeing plaintiff's car until it turned south in front of her, just as her car rounded the corner. From the testimony and from the positions of the parties' respective automobiles, illustrated by toy cars placed on a diagram by the witnesses (which demonstration the trial judge could observe, but the record does not depict), the trial court may have concluded that plaintiff's auto was so close to the intersection as to constitute an "immediate hazard", within the meaning of that term as used in the above quoted Ordinance, when defendant's car "cut across" in front of hers.

Defendant, and his brother, who was a passenger in his car, both testified that they did not see plaintiff's car approaching the intersection, and indicated that their vision was obstructed by cars coming into the intersection on 36th Street's inside lane, parallel to, and in between, plaintiff's lane and defendant's lane. If the particular factual situation forming the background of the collision was not covered by the above quoted Ordinance, or any Statute, it was for the court, acting in lieu of a jury, to determine whether or not either driver was negligent, and, if so, whether such negligence was the proximate cause of the collision. In this connection, see Buck v. Cole, Okl., 467 P.2d 164, 168, citing Southwestern Bell Telephone Co. v. Martin, Okl., 370 P.2d 840, and Garner v. Myers, Okl., 318 P.2d 410.

Under all the facts and circumstances that appear from the evidence, and, in view of the above mentioned manual demonstrations, placing the trial judge in a better position, than are we, to determine the facts as a whole, we cannot say a prima facie case was not made out in plaintiff's favor; and, since (insofar as the record shows) defendant interposed no challenge to the evidence as a whole, after both of the parties had rested and the case was submitted to the court for judgment, there is no predicate upon which we may weigh the evidence. See White v. McDonald, Okl., 447 P.2d 746.

In accord with the foregoing, we hold that defendant's arguments present no cause for reversal. The judgment of the trial court is therefore affirmed.

All the Justices concur.