Terry Lynn LIGHT, Appellant,

v.

Maria Theresa LIGHT, Appellee.

No. 76281.

Court of Appeals of Oklahoma, Division No. 4.

Feb. 18, 1992.

Joel A. Henderson, Oklahoma City, for appellant.

**448**

Catherine H. Petersen, Norman, Maria Theresa Light, Mustang, for appellee.

REIF, Judge.

Non-custodial father Terry Light appeals the trial court's denial of his motion seeking a determination that he was entitled to claim one of the parties' children for federal income tax purposes. He sought this relief because he contributed more than half the annual support for the child as provided by 26 U.S.C. § 152. The journal entry of judgment states: "The Court specifically declines to rule on [Father's] request for award of the tax exemption for one of the children, specifically finding that this court does not have jurisdiction to award a federal dependent tax exemption to the non-custodial parent."

Although there was no Oklahoma precedent on this subject at the time of the trial court's decision, we nonetheless conclude that the trial court had jurisdiction and reverse for the trial court to decide this issue. This question has been the subject of considerable attention by the courts in other states and by family law practitioners in this state. *See* Gavin L. Phillips, Annotation, *State Court's Authority, in Marital or Child Custody Proceeding, to Allocate Federal Income Tax Dependency Exemption for Child to Noncustodial Parent Under § 152(e) of the Internal Revenue Code (26 USCS § 152(e)),* 77 A.L.R. 4th 786 (1990); Zacharias, *IRS Form 8332, Can Oklahoma Judges Order Exemptive Claim Released?,* 61 Okla.B.J. 2179 (September 8, 1990) (citing Abrahamson, *A New Look at Tax Exemptions and Child Support,* OBA Family Law Section Update (June 1990)). As these sources reveal, the better reasoned rule is that state courts do have jurisdiction to decide this issue and enter appropriate relief, including an order compelling the custodial parent to execute the declaration for the non-custodial parent to claim exemption under 26 U.S.C. § 152(e)(2). In holding that the trial court had jurisdiction, we not only join the majority of *other* state courts on this issue, but also are consistent with a similar holding by Division 3 of the Oklahoma Court of

Appeals. *See Wilson v. Wilson,* 831 P.2d 1 (Okla.Ct.App.1991) (cert. pending).

REVERSED AND REMANDED.

BACON, C.J., and STUBBLEFIELD, J., concur.