**Ellen BROWN, Appellee,**

v.

**Jimmy Allen BROWN, Appellant.**

**No. 74413.**

Court of Appeals of Oklahoma,
Division No. 1.

Oct. 6, 1992.

---

Rick Powell, Walter E. Suttle, Oklahoma City, for appellant.

Harry James, Eric Paul Warner, Oklahoma City, for appellee.

## MEMORANDUM OPINION

GARRETT, Judge:

Ellen Brown (Appellee) and Jimmy Allen Brown (Appellant) were divorced on November 30, 1987. Appellee was awarded custody of the minor child born of the marriage. Shortly thereafter, in January 1988, they filed a joint application to modify which was granted. Appellant was awarded custody of the child, and Appellee was awarded visitation rights. She was ordered to pay $88.00 a month in child support.

In June, 1988, Appellee attempted to visit with the child and was informed by Appellant's parents that he was in the armed forces in Germany, and he took the child with him. Appellee was unable to visit the child during that time.

Appellant returned to the United States with the child in late December, 1988. Appellee became aware of their return and attempted to visit the child. Appellee filed a contempt citation alleging that she was unable to exercise her visitation rights due to Appellants' removal of the child from the United States, and he had denied her visitation rights after his return from Germany. Appellee also filed a motion to modify custody from Appellant to herself. In her motion to modify, she alleged that she had not made child support payments as ordered because she was unable to determine where to make the payments; that she was now financially able to care for the child; that she had been denied visitation with the child since Appellant returned from Germany; and, that custody should be terminated in Appellant because he had removed the child from the country.

Appellant also filed an application for contempt citation. He alleged Appellee

was in contempt because she wilfully violated the court's order to pay child support. Approximately two weeks later, Appellant filed an application to suspend visitation and made serious allegations of physical and sexual abuse of the child by Appellee. The trial court suspended visitation between Appellee and the child, and ordered all family members to be evaluated by a court appointed psychologist.

All matters were set for hearing. On the date of that hearing Appellant requested a continuance to allow him time to employ a psychologist of his choosing. The continuance was granted. When the case was tried, Appellee's motion to modify was sustained in part and overruled in part; custody of the minor child was changed from Appellant to joint custody with each party having custody of the child every other month; Appellant, Appellee, and child were ordered to obtain family counseling; Appellant was ordered to attend parenting classes; Appellant was granted judgment against Appellee for back child support; and, Appellant was found not guilty of contempt for failure to permit visitation. The trial court also set out a holiday visitation schedule.

■ Appellant contends on appeal that the trial court erred in modifying custody as there was no change in condition to allow such a modification. There was evidence at the trial: (1) that Appellee had relinquished custody of the child due to lack of financial ability to care for the child; (2) that Appellee had been denied visitation; and, (3) that Appellee now had established a stable home environment and was gainfully employed. These were permanent, substantial and material changes of circumstances. See *Boatsman v. Boatsman*, 697 P.2d 516 (Okl.1984).

■ Appellant next contends that the trial court erred in considering the report by the court appointed psychologist because it was hearsay, and the psychologist was not present in court on the day of the hearing and could not be cross-examined. During the hearing, the court took a recess for the announced purpose of reading the report. While Appellant did not "agree" that the

court could read the report, his objections were not made until the recess was over and the hearing was resumed. In response to the objections, the court stated that it notified Appellant at the time he sought the continuance that he could subpoena the court appointed psychologist if he wished to do so. The trial court went on to say that the report containing the psychologist's address was made available to Appellant over one week before the hearing and no subpoena was issued.

■ While the psychologist's report is hearsay, it falls within an exception to the hearsay exclusionary rule. When the general purposes of justice would be served by admitting hearsay evidence or, the hearsay statement is more probative than other evidence offered on that point, it may be admitted when the adverse party has had a fair opportunity to review the hearsay statement, knows it will be considered by the court as evidence and, is made aware of the declarant's name and address. See 12 O.S. 1981 § 2803(24). All these criteria were present. The psychologist's report was properly admitted. The case cited by Appellant, *Malone v. Malone*, 591 P.2d 296 (Okl.1979), is distinguishable on its facts. In *Malone*, a similar report was not made available to the adverse party. Here, Appellant was aware of the psychologist's name for approximately one month and had the actual report for over one week prior to the continued hearing. We find no abuse of discretion.

■ Appellant next contends that the psychologist's report was based on irrelevant facts. Appellant asserts in his brief that the psychologist's report was based on letters written by Appellant to Appellee. From the record, it is impossible to determine how much, if at all, the psychologist relied on the letters when making the report. Further, there was no objection by Appellant preserving this specific error at the trial court level. Therefore, it will not be considered on appeal. See *Nu–Pro, Inc. v. G.L. Bartlett and Co.*, 575 P.2d 618 (Okl.1977).

Finally, Appellant contends it was error for the trial court to grant joint custody when it was not requested by either party and is not in the best interests of the child. 43 O.S.Supp.1989 § 109 provides for joint custody where *there is a request by either or both parents.* There was none here. While there is no legal preference or presumption for or against joint custody, as a practical matter it is unworkable between parents who have a great deal of distrust and animosity. In *Dunham v. Dunham*, 777 P.2d 403, 404 (Okl.App.1989) the court said:

> Joint custody should only be considered where certain circumstances are present. These circumstances include: the likelihood of parental cooperation in matters affecting the child; a capacity to provide equally beneficial home environments; and that the situation will not be unduly disruptive of other important aspects of the children's life. *Hornbeck v. Hornbeck,* 702 P.2d 42 (Okl.1985). Other jurisdictions have found a cardinal criteria for an award of joint custody is the agreement of the parties and a mutual ability to cooperate in reaching shared decisions in matters affecting the children's welfare. *See* Annot., 17 A.L.R. 1013 4th (1982). In this respect we find that a party's opposition to joint custody is in effect the antithesis of the concept of joint custody. To force custody on an unwilling parent should always give a trial court pause.

Beyond the fact that there was no request for joint custody and there is hostility between the parties, there was no evidence before the trial court that joint custody is in the best interests of this child. Further, by the calculations of this Court, the child is now of school age which makes joint custody even less feasible.

The judgment of the trial court awarding custody of the child to the parties in a joint custody arrangement is reversed. This case is remanded to the trial court for further proceedings to determine whether the child's best interests are served by custody being placed with Appellant or with Appellee. Such visitation shall be granted to the non-custodial parent as is determined by the court to be in the child's best interest.

REVERSED AND REMANDED.

ADAMS, P.J., and JONES, J., concur.