**Richard Lee NEWELL, Appellee,**

v.

**Teresa Kay NASH, formerly Newell, Appellant.**

No. 82268.

Court of Appeals of Oklahoma, Division No. 1.

Oct. 4, 1994.

James M. Levine, Oklahoma City, for appellant.

Judith A. Ridgeway, Norman, for appellee.

## MEMORANDUM OPINION

JONES, Judge:

Appellant/mother appeals the decision of the trial court modifying custody of the par-

ties' sons, now ages 5 and 7, from joint custody to sole custody to Appellee/father.

The parties were granted a divorce in 1991 with the trial court approving a joint custody plan submitted jointly by the parties. In February, 1993, Appellee/father filed a motion to modify seeking sole custody of the two boys. Appellant/mother responded by filing a motion to modify seeking an increase in child support and followed that with an amended motion seeking sole custody herself. Following several days of trial in August, 1993, the trial court awarded custody to the father. Mother was given extended visitation for the entire summer.

■ Appellant has alleged numerous errors. First, it must be noted that custody orders will not be disturbed on appeal unless found to be against the clear weight of the evidence. *Carpenter v. Carpenter*, 645 P.2d 476 (Okla.1982); *Lynn v. Lynn*, 443 P.2d 106 (Okla.1968); *Manhart v. Manhart*, 725 P.2d 1234 (Okla.1986).

## I

■ Appellant's first proposition contends the original joint custody plan was void because it was not accompanied by the parties' affidavits stating that they would abide by the plan's terms.[1] When this defect in the joint custody plan was brought to the trial court's attention, it was ordered that an amended joint custody plan be filed to correct the defect pending the outcome of the motions to modify. Mother claims this was an abuse of discretion and that the trial court should rather have considered the joint custody plan as one which actually gave exclusive custody to her since under that "joint plan" the children resided with her more than with Appellee.

Appellant also claims this error in turn caused another. When custody was ordered modified in favor of Appellee, the trial court applied the "best interests of the child" test as it would in determining custody in the first instance.[2] The parties did not dispute that this is the proper test where joint custody is being modified to exclusive custody. Appellant argues, however, that the proper test was the required showing of a "permanent, substantial and material change of condition" as would be required where the non-custodial parent is seeking custody from the custodial parent. E.g. *Gibbons v. Gibbons*, 442 P.2d 482 (Okla.1968).

We have reviewed the joint custody plan and find that it substantially complied with the requirements of 43 O.S.1991 § 109(C). Although affidavits were not attached, the parties did sign the plan itself with their signatures being notarized. Even if technically defective, the parties for two years treated the joint custody plan as precisely that. The trial court logically and properly maintained the plan until the modification issues could be determined. Had the trial court construed the joint custody plan as something other than what it obviously was, it would have been disingenuous and a clear abuse of the trial court's discretion. This first proposition of error is without merit.

## II

■ Appellant's second proposition is that the trial court erred in a pre-trial discovery order that Appellant identify the physicians and psychotherapists seen by her new husband, Charles Nash. Appellant claims the information was privileged under 12 O.S.1991 § 2503.[3] Appellee contends the privilege was waived and that discovery was proper. Appellant, however, is claiming the privilege of another here. The privilege is personal,

1. Title 43 O.S.1991 § 109(C) provides:
"If either or both parents have requested joint custody, said parents shall file with the court their plans for the exercise of joint care, custody and control of their child. The parents of the child may submit a plan jointly, or either parent or both parents may submit separate plans.... A plan shall be accompanied by an affidavit signed by each parent stating that said parent agrees to the plan and will abide by its terms. The plan and affidavit shall be filed with the petition for a divorce or legal separation or after said petition is filed."

2. 43 O.S.1991 § 109(G)(1).

3. Appellant objected to the discovery of this information and sought a Writ of Prohibition from the Oklahoma Supreme Court. The Supreme Court denied Appellant's application to assume original jurisdiction.

and a party such as the Appellant, may not claim the privilege for another. *Kizer v. State*, 468 P.2d 56 (Okla.1970). We see no error here.

### III

■ The third alleged error is that the trial court in three ways placed improper restrictions on Appellant's right to conduct pre-trial discovery. First, the Appellant served a Subpoena Duces Tecum on the City of Norman payroll director for a deposition on July 1, 1993 (the deadline for discovery), to obtain Appellee's time records.[4] At the deposition the witness produced payroll records, but not showing the actual hours Appellee worked. The witness indicated that he would be unable to compile the other requested documents by the trial date of July 20th. The witness was subpoenaed anyway to appear at trial with the requested time records. The City of Norman sought and was granted a protective order limiting the Subpoena Duces Tecum to the documents previously produced. The granting of the protective order recognized the impossibility of compliance with Appellant's last minute request. No abuse of discretion is shown.

■ Second, Appellant took Appellee's deposition in April, 1993, and apparently sought to reconvene it later after certain documents had been produced. The trial court granted a protective order permitting this supplemental deposition to be taken, even after the discovery deadline, but ordered the subject of the deposition to be limited to those documents not available at the time of the first deposition. Appellant contends the trial court erred in limiting the second deposition denying her the right to inquire regarding events that had occurred in the two months subsequent to the first deposition.

■ We cannot conclude from these facts that the trial court abused its discretion. The trial court has the right to place limits, including deadlines, on discovery. See 12 O.S.1991 § 3226.

■ Third, Appellant had sought discovery from Appellee of his police department personnel file. Appellee responded that the records were not available to him. At a hearing on Appellant's motion to compel, the trial court refused to order production of those records. Regardless of the possibility that the records may have contained discoverable information, the trial court certainly did not abuse its discretion in refusing to order Appellee to produce such records of which he was neither in possession nor control.[5]

### IV

■ In the fourth alleged error, Appellant claims that after trial, when the trial court announced its decision from the bench, it awarded joint custody. Then later, in its journal entry, the trial court allegedly modified its decision to award custody to Appellee, all of which was an abuse of discretion. What apparently confused Appellant was a statement by the judge at the conclusion of the trial that custody of the children would be with the father during the school year and with the mother during the summer. The journal entry, however, filed several months later states unambiguously that exclusive custody is awarded to the father (Appellee) and that in addition to other visitation, the children would reside with mother (Appellant) for extended visitation in the summer.

Prior to the filing of the journal entry, a hearing was held to consider Appellant's motion to settle the journal entry. The trial court in addressing that issue explained that joint custody had been neither intended nor ordered. If the ruling of the trial court was ambiguous or unclear the Appellant properly moved to settle the journal entry to resolve the dispute. The issue was settled by the trial court resulting eventually in the filing of the Journal Entry of Modification, the final order from which this appeal is brought. There is no dispute that the journal entry is unambiguous. And it is this decision of the

---

4. Appellee was employed as a police officer by the City of Norman.

5. Title 12 O.S.1991 § 3234 provides for the production of documents and things "which are in the possession, custody or control of the party upon whom the request is served ..."

trial court as articulated therein with which we must be concerned. The trial court's oral remarks announcing its decision may not be considered to reverse or vary the journal entry. E.g., *Thompson v. Inman*, 482 P.2d 927 (Okla.1971); *Townley v. Casaba*, 474 P.2d 414 (Okla.1970); *Beck v. Beck*, 379 P.2d 672 (Okla.1963); *Diem v. Diem*, 372 P.2d 19 (Okla.1962).

## V

■ The fifth allegation of error claims the trial court's decision was improperly gender-based in violation of 43 O.S.1991 § 112(C)(3)(b). Appellant points out that the trial court in its orders occasionally referred to Appellant as "Mom" and Appellee as "Dad". This does not show any gender bias. Appellant's argument is without merit.

## VI

■ Appellant's sixth alleged error concerned the court's findings of fact and conclusions of law. Specifically, Appellant contends the findings and conclusions were not timely made,[6] and that in fact, there were no separate conclusions of law.[7] No authority is cited for the proposition that a deadline or time limit exists by or within which the trial court must have completed its findings of fact and conclusions of law, nor are we aware of any. Further, Appellant has failed to show that she was in any way prejudiced by the time taken by the trial court.

That conclusions of law were not separately identified as such is of no consequence, since no benefit or prejudice to either party has been shown. See, *McAlpin v. Hixon*, 45 Okla. 376, 145 P. 386 (1914); *In re Riddle's Estate*, 165 Okla. 248, 25 P.2d 763 (1933). The trial court separately numbered and stated each finding/conclusion. That the conclusions of law were not so identified and separated from the findings of fact does not make them any less conclusions of law. The

trial court substantially complied with the statute and no prejudicial error is found.

## VII

■ Appellant's seventh proposition of error appears to be well founded. The Journal Entry of Modification includes a provision that child support (payable by Appellant) must be paid to each child until the age of 18, or through the age of 18 if still in high school, *"whether or not the payor is deceased"*. This, however, is not a valid or enforceable order absent an agreement between the parties. *Whitman v. Whitman*, 430 P.2d 802 (Okla.1967). There was no agreement here that child support continue beyond the payor's death. The journal entry must therefore be reversed to the extent that it obligates the payor for such after-death child support.

## VIII

■ The eighth alleged error briefed by Appellant is that the trial court abused its discretion in refusing to order a psychological evaluation of Appellee's mother, Shirley Newell. Ms. Newell was not a party to the case and we know of no authority, nor is any cited, that would require such non-party to submit to a medical or psychological examination ordered by the trial court. It can hardly be an abuse of discretion for the trial court not to order an uninforceable examination.

## IX

■ Appellant's ninth alleged error is that the trial court failed to consider which parent would most likely facilitate visitation with the non-custodial parent. Appellant points out that 43 O.S.1991 § 112(C)(3) provides that when in the best interests of the child, frequent and continuing contact of the child with both parents should be assured. Section 112(C)(3)(a) provides that the court

---

6. The trial court announced its decision on August 11, 1993. When asked about findings of fact, the judge stated that she had not had a chance to prepare them yet, but would. On August 30, 1993, Appellee submitted proposed findings of fact and conclusions of law. Appellant apparently did not submit any. The court's Findings of Fact and Conclusions of Law were filed on November 2, 1992.

7. In trials to the court, on request by a party the trial court "shall state, in writing, the findings of fact found, separately from the conclusions of law." 12 O.S.1991 § 611.

"may consider ... which parent is most likely to allow the child ... frequent and continuing contact with the non-custodial parent ...".

The record does not support the claim that the trial court did not consider which parent would most likely facilitate visitation. Further, the statute merely allows the trial court to consider these things. It does not mandate consideration of which parent would provide the most visitation, nor does it require custody to be awarded to the parent who would allow the most visitation with the other parent. No error has been shown.

X

 Appellant's final proposition is that the decision below was against the great weight of the evidence and inconsistent with the children's best interests. Certainly, the best interests of the children are paramount. *Manhart*, supra, at 1237. Because both parties sought termination of the joint custody arrangement, and because the joint custody arrangement was, in fact, terminated, the trial court was obligated to award primary custody as if custody was being awarded in the first instance. See 43 O.S.1991 § 109(G). In reviewing such custody orders, deference will be given to the trial court since the trial court is better able to determine controversial evidence by its observation of the parties, the witnesses and their demeanor. *Manhart*, supra, at 1237. In consideration of this rule and based on our review of the record, we cannot say the decision of the trial court was against the clear weight of the evidence concerning the best interests of the children.

The judgment of the trial court must therefore be affirmed with the exception of the order requiring the child support payments to continue after the death of the payor.

AFFIRMED IN PART AND REVERSED IN PART.

HANSEN, P.J., and HUNTER, J., concur.