**Danielle MEIGS, Appellee,**

v.

**Terence MEIGS, Appellant.**

**No. 84983.**

Court of Appeals of Oklahoma, Division No. 3.

June 18, 1996.

Robert Locke, Robinson, Locke, Gage, Fite & Williams, Muskogee, for Appellant.

Tim K. Baker, Baker & Baker, Tahlequah, for Appellee.

OPINION

ADAMS, Vice–Chief Judge:

When the parties were divorced in November 1992, the trial court, pursuant to the apparent agreement of the parties, placed their minor child in the parties' joint custody, with the Appellant to have "primary physical custody." Approximately eighteen months later, Appellee filed a motion to modify, requesting the court to terminate joint custody and grant her full custody. After hearing, the trial court granted Appellee's motion and placed the child in Appellee's custody, granting visitation to Appellant. In this appeal, Appellant seeks reversal of that order.

█ As his primary ground for reversal, Appellant argues there was insufficient evidence of a material and substantial permanent change in circumstances to justify the trial court's order. According to Appellant, before the trial court could place custody with Appellee, Appellee was required to show a permanent and material change in circumstances *relating to the Appellant's "physical custody"* of the child, citing *Gibbons v. Gibbons*, 442 P.2d 482 (Okla.1968). However, Appellant's argument in this regard overlooks the effect of 43 O.S.1991 § 109(G)(2). Under that section, where the initial custody order provides for joint custody, and the court determines joint custody is no longer in the best interest of the child, "the court shall proceed and issue a modified decree for the care, custody, and control of the child *as if no such joint custody decree had been made.*" (Emphasis added). The *Gibbons* test must be applied to the decision whether to end joint custody, but once that decision has been properly made placement of the child with either parent is based solely on the best interest of the child.

█ The record contains ample evidence that acrimony had arisen over the custody arrangements and that the parties were unable to agree and cooperate with each other. Even during the pendency of the hearings there were instances of hostility and uncooperativeness, including instances in front of the child. The trial court's determination that the continuation of joint custody was not in the child's best interest is clearly sup-

ported by evidence in this record. That being so, the trial court was required to proceed as in any initial custody determination.

■ An award of primary custody of a minor child will not be reversed on appeal unless it is against the clear weight of the evidence respecting the child's best interest, *Manhart v. Manhart,* 725 P.2d 1234 (Okla. 1986), or it is demonstrated by the complaining party that the trial court has abused its discretion. *Davis v. Davis,* 355 P.2d 572 (Okla.1960). The paramount consideration when determining custody is the best interest of the child. *Frankovich v. Frankovich,* 459 P.2d 583 (Okla.1969).

Most of Appellant's argument is devoted to demonstrating the lack of evidence concerning a change in circumstances to justify the modification order. The evidence in this record might well justify placement of the child with either party. The trial court concluded that the child's best interest lay in placing the child with Appellee. Appellant has not demonstrated that decision was clearly against the weight of the evidence or an abuse of discretion.

Appellant also argues the trial court improperly considered gender in determining custody. According to Appellant, comments made by the trial court when it announced its decision indicated trial court relied on the "tender years doctrine." We agree that doctrine has been abolished in Oklahoma. However, it does not appear the trial court based its decision on this impermissible factor.

Although the trial court made some perhaps unfortunate general comments about "mothers" being "better equipped" to help "little girls," the trial court, specifically based its decision "upon the testimony and all the conditions that do exist in this matter." Father raised this issue in his motion for new trial, arguing that the trial court had improperly based its order on the conclusion that "women as a whole" were better custodians of minor children. In denying the motion, the trial court specifically disclaimed any such view, and stated its decision was based on Appellee's individual qualities as a parent. Under these circumstances, we will not presume the trial court ignored 43 O.S.Supp. 1994 § 112(C)(3)(b).

■ Appellant has not demonstrated on this record that the trial court's order terminating joint custody and placing primary custody of the parties' child with Appellee was clearly against the weight of the evidence or an abuse of discretion. The trial court's order is affirmed.

AFFIRMED.

HANSEN, P.J., and BUETTNER, J., concur.