2001 OK CIV APP 88

**Melissa Autumn WHITE,**
**Plaintiff/Appellee,**

v.

**William Craig POLSON,**
**Defendant/Appellant.**

No. 94,618.

Court of Civil Appeals of Oklahoma,
Division No. 3.

July 13, 2001.

Reneé Walker Gunkel, Altus, for Plaintiff/Appellee.

Brendan M. McHugh, Altus, for Defendant/Appellant.

BUETTNER, Presiding Judge:

¶ 1 Defendant/Appellant William Craig Polson (Father) appeals from an order of the trial court which modified a prior joint custody order by awarding sole custody to Plaintiff/Appellee Melissa Autumn White (Mother). The order from which Father appeals also modified the child support obligations and awarded Mother the dependent child tax

deduction. Because we find that the trial court's order is not against the clear weight of the evidence, we affirm.

¶ 2 Mother and Father were never married. Their son, I.E.P., was born September 12, 1994. On January 29, 1996, a Final Decree Establishing Paternity, Custody, Visitation and Child Support was filed in the District Court of Doña Ana County, New Mexico. That decree granted joint legal custody of I.E.P. to Mother and Father. The decree awarded primary physical custody to Mother, subject to scheduled visitation with Father and Father's parents, until Father's Air Force pilot training was completed in September 1997.[1] The decree further ordered Father to pay $289 per month as child support and awarded Father the dependent child income tax exemption.

¶ 3 Mother filed her Petition to Assume Jurisdiction and Motion to Modify Final Decree Establishing Paternity, Custody, Visitation and Child Support in the District Court of Jackson County, Oklahoma, February 23, 1998. In her petition, Mother noted that, since the time of the January 29, 1996 order, the New Mexico court had modified Father's child support obligation to $72 per month.[2] Mother averred that all the parties had moved to Oklahoma and asked the Oklahoma District Court to assume jurisdiction of the matter. Mother alleged that Father's income had increased substantially, as had the day care expenses incurred by Mother for I.E.P., and that these were permanent, material, and substantial changes requiring modification of child support. Mother requested that the trial court modify the New Mexico decree by ordering Father to pay child support and a portion of all work-related daycare expenses pursuant to the Oklahoma Child Support Guidelines. Mother further requested the court to order those payments to be made by allotment and to order Mother to document the daycare expenses to Father every month. Mother finally requested that the court modify the decree by awarding

---

1. The original order also stated: "The ending of [Father's] pilot training (anticipated, September 1997) shall constitute a material change in circumstances and ground for reconsideration of this custody/visitation arrangement."

2. An unsigned modification order was attached to Mother's petition.

Mother the dependent child income tax exemption. Mother asserted that these modifications were in I.E.P.'s best interests.

¶4 Father filed an answer in which he asked that Mother's motion to modify be overruled. Father also counterclaimed, asking the court to recalculate child support based on the parties' current incomes, but also requesting that the amount of time the child spends with each parent, as ordered by the New Mexico court, be continued. Father requested that the Oklahoma court allocate child support and day care expenses based on the amount of time I.E.P. spends with each parent. Father also sought physical custody of I.E.P., but continue joint legal custody.[3] As a material change in circumstances warranting the change in physical custody, Father alleged that he had completed pilot training. Finally, Father asked the court not to award the income tax exemption to Mother.

¶5 Hearing on these issues was held October 25 and 26, 1999 and January 21 and 25, 2000. The trial court entered its order March 31, 2000, in which it 1) modified custody by awarding custody to Mother, 2) granted visitation rights to Father according to an attached schedule, 3) ordered Father to pay child support[4] and work-related day care expenses according to the Oklahoma Child Support Guidelines, 4) ordered Mother and Father to pay their own expert witness fees, and 5) granted the dependent child income tax exemption to Mother. Pursuant to Father's motion to clarify, the trial court issued an order *nunc pro tunc* October 17, 2000, in which it ordered that joint custody was terminated by the March 31, 2000 order.

¶6 Father appeals the trial court's orders. Father's first assertion of error is that the Oklahoma court lacked subject matter jurisdiction to modify custody. Father's argument is that Mother never requested termination of joint custody so that the trial court did not have jurisdiction to make such an order. Father asserts that a trial court may only decide the issues presented by the parties' pleadings. However, the joint custody statute, 43 O.S.1991 § 109, provides in part:

> G. 1. The court may terminate a joint custody decree upon the request of one or both of the parents *or whenever the court determines said decree is not in the best interests of the child.*
>
> 2. Upon termination of a joint custody decree, the court shall proceed and issue a modified decree for the care, custody, and control of the child as if no such joint custody decree had been made. (Emphasis added).

We therefore find the trial court had authority to terminate joint custody in the instant matter, even though the parties did not specifically request such relief. Father put the issue before the court by requesting primary physical custody.

¶7 Father likewise argues that the trial court had no jurisdiction to award custody to Mother because she did not file a pleading requesting custody of the child. We note that § 109(G)(2), quoted above, provides that once a decision has been made to terminate joint custody, the trial court must proceed to issue a modified decree establishing custody as if no joint custody decree had been entered. Accordingly, because the trial court has statutory authority to terminate joint custody on its own motion, it consequently has authority, and indeed a statutory duty, to make an award of sole custody to either parent once the court has decided to terminate joint custody. See *Newell v. Nash*, 1994 OK CIV APP 143, 889 P.2d 345, 350 (once joint custody has been terminated, trial court is obligated to award primary custody as if making a custody decision in the first instance).

¶8 Father next argues that, even if the trial court did have discretion to terminate joint custody, the trial court abused its discretion in doing so. The record in the instant case is replete with evidence of the hostile relationship between Mother and Father. Indeed, in its March 31, 2000 order the trial court included specific findings that the bitterness between the parties had led to

---

**3.** At trial, Father testified he wanted sole custody, but he was corrected by his counsel.

**4.** The trial court ordered this child support obligation to commence September 1, 2000.

"devastating effects" on I.E.P. The trial court further included six "rights" that the parents should honor so that the child could be free from the influence of the parties' ill will towards each other. Joint custody is not proper where there is hostility and uncooperative behavior between the parents. *Meigs v. Meigs*, 1996 OK CIV APP 76, 920 P.2d 1077; *Brown v. Brown*, 1992 OK CIV APP 125, 840 P.2d 46; *Fast v. Fast*, 1989 OK CIV APP 31, 787 P.2d 1288. Further, the trial court's determination that joint custody is not working constitutes a finding of the material change in circumstances requiring a modification of custody. *Hoedebeck v. Hoedebeck*, 1997 OK CIV APP 69, 948 P.2d 1240, 1241. We find that the trial court's decision to terminate joint custody was not against the clear weight of the evidence nor an abuse of discretion. See *Meigs, supra* at 1079.

¶ 9 Father next argues that the trial court abused its discretion in awarding custody to Mother. Custody orders will not be reversed unless they are found to be against the clear weight of the evidence. *Carpenter v. Carpenter*, 1982 OK 38, 645 P.2d 476. Further, in reviewing the trial court's custody decision made after termination of joint custody, deference will be given to the trial court's determination because the trial court has the opportunity to observe the witnesses and determine the credibility of the evidence. *Newell, supra*, at 350.

■■■ ¶ 10 For this argument, Father relies on the testimony that Tinker Family Advocacy Services had a "substantiated case" of emotional maltreatment against Mother. We have reviewed the testimony on this issue and have determined that the emotional maltreatment alleged was an element of the hostility between Mother and Father. Father and his wife accused Mother of attempting to sway the child against his step-mother. The record contains extensive testimony that each parent made allegations of physical or emotional abuse of the child, against the other (and against the step-mother). We have noted above that the trial court addressed this hostility in the March 31, 2000 Order. Based on the evidence that Mother and Father were both involved in using the child to express their negative feelings for each other, we cannot say that the custody decision was against the clear weight of the evidence, particularly where the trial court has had the opportunity to observe the demeanor of the parties and the witnesses. We additionally note the evidence that Father's military duty often requires him to be away from home for extended periods supports awarding custody to Mother.

¶ 11 Father's last allegation of error is that the trial court should have granted the dependent child income tax exemption to Father instead of to Mother. The IRS Code presumes that the exemption for a dependent child will be taken by the custodial parent. 26 USCA § 152(e)(1); *Hughes v. Hughes*, 518 N.E.2d 1213, 1216, 35 Ohio St.3d 165, *cert. denied*, 488 U.S. 846, 109 S.Ct. 124, 102 L.Ed.2d 97 (1988). Section 152 provides that a child who receives over half of his support from his parent in the tax year may be claimed as a dependent by that parent. The section further provides that in the case of divorced parents, the custodial parent is considered to have provided over half the child's support and may therefore claim the exemption, unless the custodial parent has released his or her claim to the exemption by signing a written declaration that the custodial parent will not claim the exemption for that tax year and the noncustodial parent attaches the declaration to his or her tax return. 26 USCA § 152(e)(1)(B) and (e)(2).

¶ 12 Nevertheless, state trial courts retain their equitable power to award the dependent exemption to either parent regardless of § 152(e). *Hughes, supra; Monterey County v. Cornejo*, 812 P.2d 586, 283 Cal. Rptr. 405, 53 Cal.3d 1271 (1991). This court has also held that a trial court has authority to allocate the dependent exemption and authority to order the custodial parent to sign the written declaration disclaiming the right to the exemption if the trial court finds that the noncustodial parent should claim the exemption. *Wilson v. Wilson*, 1991 OK CIV APP 79, 831 P.2d 1, 2; accord, *Light v. Light*, 1992 OK CIV APP 11, 828 P.2d 447, 448.

¶ 13 In the instant case, Father argues that his child support obligation is $494 per month, which he terms a "large amount of child support." However, the child support

computation form was not designated for the record on appeal. We therefore are unable to determine what percentage of the total child support figure Father is required to pay. Mother simply states that her "lifestyle" requires her to spend more per month on the child than the amount Father is ordered to pay. Mother therefore alleges that she pays more than half the child's support and should have the exemption. *Wilson* and *Light, supra*, imply that the parent providing over half the child's support must be awarded the exemption. However, § 152(e) is an exception to the rule that the taxpayer who provides over half the child's support is entitled to claim the dependent deduction. That exception is that a custodial parent is "treated" as having provided over half the child's support. 26 USCA § 152(e)(1)(B). Clearly, this language indicates that the custodial parent need not have provided over half the

support in fact. Rather, it is presumed the custodial parent may claim the exemption unless such parent executes the disclaimer of the exemption. We do not find evidence that the trial court abused its discretion in awarding the exemption to the custodial parent in accordance with the tax code.

¶ 14   We find that the orders appealed in the instant case are not against the clear weight of the evidence, and we therefore AFFIRM.

HANSEN, C.J., and ADAMS, J., concur.