BROADBENT v. BROADBENT



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:BROADBENT v. BROADBENT

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 BROADBENT v. BROADBENT
2019 OK CIV APP 61
Case Number: 116621
Decided: 02/14/2019
Mandate Issued: 10/30/2019
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2019 OK CIV APP 61, __ P.3d __

 
APPROVED FOR PUBLICATION BY THE SUPREME COURT. 

ALLEN BROADBENT, Petitioner/Appellant,
v.
CLORIE BROADBENT, Respondent/Appellee.

APPEAL FROM THE DISTRICT COURT OF
COMANCHE COUNTY, OKLAHOMA

HONORABLE GERALD F. NEUWIRTH, TRIAL JUDGE

AFFIRMED

John S. Roose, ROOSE & ROOSE LAW FIRM, P.C., Lawton, Oklahoma, for Petitioner/Appellant

Stephen K. Newcombe, NEWCOMBE, REDMAN, ROSS & NEWCOMBE, P.C., Lawton, Oklahoma, for Respondent/Appellee

JERRY L. GOODMAN, JUDGE:

¶1 Allen B. Broadbent (Husband) appeals a November 14, 2017, decree of dissolution of marriage dividing the marital estate and awarding Clorie M. Broadbent (Wife) custody of the parties' minor children. Based upon our review of the record and applicable law, we affirm.

BACKGROUND

¶2 The parties were married on April 28, 2006, and two children were born of the marriage. Husband filed a petition for divorce on January 27, 2016, requesting sole custody of the minor children and that the trial court equitably divide the parties' real and personal property. On March 23, 2016, the court issued a minute order awarding the parties temporary joint custody of the minor children.

¶3 On March 16, 2017, Husband filed an amended petition, contesting the court's jurisdiction to divide his U.S. Army retirement pursuant to 10 U.S.C. § 1408, the Uniformed Services Former Spouses Protection Act (USFSPA). Husband asserted he was domiciled in Oklahoma solely for the purpose of serving in the U.S. Army and that Oklahoma was not his permanent home. Wife answered, asserting Husband had invoked the jurisdiction of the court when he requested affirmative relief in his original petition.

¶4 A trial was subsequently held on March 22, 2017, and May 10, 2017. At the conclusion of the trial, the court awarded Wife custody of the minor children with standard visitation to Husband. The trial court further determined it had jurisdiction to divide Husband's military retirement, finding Wife was entitled to 24.4% of the benefits. Husband appeals.

STANDARD OF REVIEW

¶5 A trial court is vested with discretion in matters involving custody. Rowe v. Rowe, 2009 OK 66, ¶ 3, 218 P.3d 887, 889. An appellate court "will not disturb the trial court's judgment regarding custody absent an abuse of discretion or a finding that the decision is clearly contrary to the weight of the evidence." Daniel v. Daniel, 2001 OK 117, ¶ 21, 42 P.3d 863, 871. "The burden is upon the party appealing from the custody and visitation award to show that the trial court's decision is erroneous and contrary to the child's best interests." Id. "In reviewing such custody orders, deference will be given to the trial court since the trial court is better able to determine controversial evidence by its observation of the parties, the witnesses and their demeanor." Hoedebeck v. Hoedebeck, 1997 OK CIV APP 69, ¶ 10, 948 P.2d 1240, 1243 (quoting Newell v. Nash, 1994 OK CIV APP 143, 889 P.2d 345).

ANALYSIS

¶6 For his first assertion of error on appeal, Husband asserts the trial court lacked jurisdiction to divide his military retirement pursuant to 10 U.S.C. § 1408.

¶7 "Determination of jurisdiction is a question of law." State ex rel Cartwright v. Okla. Ordnance Works Auth., 1980 OK 94, ¶ 4, 613 P.2d 476, 479. Questions of law are reviewed de novo. K&H Well Serv., Inc. v. Tcina, Inc., 2002 OK 62, ¶ 9, 51 P.3d 1219, 1223.

¶8 Under the USFSPA, state courts may divide a military retirement if the state provides for subject matter jurisdiction over the division of military retirement as property of the member and his or her spouse. See 10 U.S.C. § 1408(a)(1)(A) and (C). Title 43 O.S.2011, § 102(B) grants Oklahoma district courts authority over divorce proceedings involving service members. Section 102(B) provides:

Any person who has been a resident of any United States army post or military reservation within the State of Oklahoma, for six (6) months immediately preceding the filing of the petition, may bring action for divorce or annulment of a marriage or may be sued for divorce or annulment of a marriage.

In addition, a state court must have personal jurisdiction over the service member. Under the USFSPA, a state court may exercise personal jurisdiction only if § 1408(c)(4) is satisfied. Section 1408(c)(4) provides:

A court may not treat the disposable retired pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court.

¶9 In the present case, Husband testified he is neither a resident nor a domiciliary of the state of Oklahoma, as he is only in Oklahoma by reason of his military assignment. He stated he has no intention of remaining in Oklahoma when his assignment ends. Wife did not dispute these assertions. Finally, Husband contends he did not expressly consent to the exercise of Oklahoma jurisdiction over his military retirement. Wife disagrees, asserting Husband impliedly consented when he initiated the dissolution proceeding and failed to timely contest personal jurisdiction. Therefore, the issue before the court was whether Husband consented to the jurisdiction of the court under § 1408(c)(4)(C).

¶10 A review of state courts establishes that there is a split whether consent by a military spouse may be express or implied. This split was recognized by the Court of Civil Appeals (COCA) in Johnson v. Johnson, 2016 OK CIV APP 74, 386 P.3d 1049, which addressed whether the husband/service member had consented to the court's jurisdiction. In Johnson, three separate domestic actions were filed. First, Husband filed an action for separate maintenance, which was ultimately dismissed by the trial court. Husband subsequently filed a petition for divorce which resulted in a default divorce decree. The decree was later vacated for insufficient service of process on the wife. Finally, the wife filed a petition for divorce, to which the husband filed a special appearance and motion to dismiss, specifically asserting the court had no jurisdiction to divide his military benefits as he was not domiciled in Oklahoma and had not consented to the court's jurisdiction. The court denied the motion and ultimately divided the husband's retirement, finding husband had consented to the court's jurisdiction by filing the previous actions.

¶11 On appeal, COCA ultimately reversed, noting the husband had immediately and expressly contested personal jurisdiction of the court to divide his retirement in the action filed. COCA cited Wagner v. Wagner, 768 A.2d 1112 (Pa. 2001), which concluded that "under § 1408(c)(4)(C) . . . courts may not exercise the authority they are provided in the Act to distribute a military member's retirement pay in a divorce action, unless the member consents to the court's jurisdiction over his person specifically to distribute the retirement pay." Johnson, at ¶ 13, at 1054 (citing Wagner, 768 A.2d at 1119). The Wagner court held the member's acceptance of service, a general appearance, participation in discovery matters, and attendance at a support proceeding were insufficient to establish consent. The only activity on the member's part which concerned his retirement was the filing of objections to the court's jurisdiction. Thus, the court lacked jurisdiction to divide the military retirement.

¶12 COCA noted, however, that there were conflicting interpretations under § 1408(c)(4)(C) where a service member remains silent regarding the court's authority to divide the military benefits, i.e. implied consent. Johnson, at ¶ 15, at 1055. The Court cited Davis v. Davis, 284 P.3d 23, 27 (Ariz. Ct. App. 2012), which held that § 1408(c)(4)(C) does not require express consent, and that "a state court may exercise personal jurisdiction" over a military member's retirement when that member "makes a general appearance without expressly contesting personal jurisdiction." Id. See also White v. White, 543 So.2d 126 (La.App.1989) (consent can be implied after a general appearance, which waives all personal jurisdiction objections); Judkins v. Judkins, 441 S.E.2d 139 (CA. 1994) (member consented by making general appearance and filing answer with counterclaims without contesting jurisdiction); Morris v. Morris, 894 S.W.2d 859, 862 (Tex.App.1995) (member consented by filing general answer and not contesting court's jurisdiction until appeal).

¶13 We find the court had personal jurisdiction over Husband to divide his military retirement. In the present case, the record provides Husband filed the petition for dissolution of marriage on January 27, 2016, in the Comanche County District Court, requesting the court equitably divide the parties' real and personal property. Thus, Husband voluntarily subjected himself to the court's jurisdiction. Husband did not object to the court's jurisdiction over his retirement for over a year. Accordingly, the Court finds Husband consented to the court's jurisdiction by initiating the dissolution proceeding and failing to timely contest the court's jurisdiction. This assertion of error is therefore denied.

¶14 For his second assertion of error, Husband contends the trial court erred by awarding Wife sole custody of the minor children.

¶15 In his petition for dissolution of marriage, Husband requested sole custody of the minor children. However, at trial Husband requested the court award the parties joint custody of the minor children. The trial court awarded Wife custody of the minor children with standard visitation to Husband. Husband contends this was error.

¶16 Title 43 O.S.2011, § 109 provides, in relevant part:

A. In awarding the custody of a minor unmarried child or in appointing a general guardian for said child, the court shall consider what appears to be in the best interests of the physical and mental and moral welfare of the child.

B. The court, pursuant to the provisions of subsection A of this section, may grant the care, custody, and control of a child to either parent or to the parents jointly.

For the purposes of this section, the terms joint custody and joint care, custody, and control mean the sharing by parents in all or some of the aspects of physical and legal care, custody, and control of their children.

C. If either or both parents have requested joint custody, said parents shall file with the court their plans for the exercise of joint care, custody, and control of their child. The parents of the child may submit a plan jointly, or either parent or both parents may submit separate plans. Any plan shall include but is not limited to provisions detailing the physical living arrangements for the child, child support obligations, medical and dental care for the child, school placement, and visitation rights. A plan shall be accompanied by an affidavit signed by each parent stating that said parent agrees to the plan and will abide by its terms. The plan and affidavit shall be filed with the petition for a divorce or legal separation or after said petition is filed.

¶17 Although the trial court is vested with discretion in awarding custody, the guiding and paramount principle is the best interests of the child. Id.; see also Daniel v. Daniel, 2001 OK 117, 42 P.3d 863; Hoedebeck v. Hoedebeck, 1997 OK CIV APP 69, 948 P.2d 1240. On appeal, this Court will not disturb the trial court's judgment regarding custody absent an abuse of discretion or a finding the decision is clearly contrary to the weight of the evidence. Daniel, 2001 OK 117, at ¶ 21, 42 P.3d at 871. The burden is upon the party appealing from the custody and visitation award to show the trial court's decision is erroneous and contrary to the children's best interests. Id.; White v. Polson, 2001 OK CIV APP 88, 27 P.3d 488.

¶18 Upon reviewing the record, we cannot say the trial court erred in awarding Wife custody of the parties' minor children with visitation to Husband. First, the record establishes that Wife was the primary caregiver for the minor children during the marriage and the sole caregiver for approximately two years while Husband was deployed or stationed out of the U.S. In addition, the record is replete with evidence of hostility and ill will between the parties. Although both parties interfered with the other's relationship with the minor children, Wife testified that she would try to do better in the future. Husband, conversely, intends to continue to retaliate against and make inappropriate statements to Wife after their divorce. Notably, the parties had joint custody of the children during the beginning of the divorce. Husband testified that dealing with Wife was miserable and that there was no point in being nice to Wife. It is clear both parties have no ability to have a joint custody relationship.

¶19 It is well settled that joint custody will not succeed and is not proper where there is hostility and uncooperative behavior between the parents. See e.g., Daniel, 2001 OK 117, at ¶ 20, 42 P.3d at 870; White v. Poison, 2001 OK CIV APP 88, ¶ 8, 27 P.3d 488, 490. In Foshee v. Foshee, 2010 OK 85, ¶ 16, 247 P.3d 1162, 1169, the Court confirmed that joint custody requires:

parents who: 1) have an ability to communicate with each other even though they are no longer married; 2) are mature enough to put aside their own differences; and 3) who work together and engage in joint discussions with each other and make joint decisions regarding the best interest of their children.

The burden rests on Husband to show the trial court abused its discretion in awarding Wife sole custody; otherwise, the trial court's determination on the issue is presumptively correct. See Hoedebeck, 1997 OK CIV APP 69, at ¶ 11, 948 P.2d at 1243.

¶20 Accordingly, we find no error. The trial court's conclusion that the minor children's best interests would be served by placing them with Mother is supported by the evidence. Further, the trial court's conclusion that joint custody was not a viable option is supported by both the evidence and case law. Husband's argument on appeal does not persuade this Court that the trial court abused its discretion on this issue. The trial court's decision is therefore affirmed.

¶21 AFFIRMED.

FISCHER, P.J., and THORNBRUGH, J., concur.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1994 OK CIV APP 143, 889 P.2d 345, 66 OBJ 114, Newell v. Nash
Discussed
 2001 OK CIV APP 88, 27 P.3d 488, 72 OBJ 2207, WHITE v. POLSON
Discussed at Length
 2016 OK CIV APP 74, 386 P.3d 1049, JOHNSON v. JOHNSON
Discussed
 1997 OK CIV APP 69, 948 P.2d 1240, 68 OBJ 3833, Hoedebeck v. Hoedebeck
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2001 OK 117, 42 P.3d 863, 72 OBJ 3708, DANIEL v. DANIEL
Discussed at Length
 2002 OK 62, 51 P.3d 1219, K & H WELL SERVICE, INC. v. TCINA, INC.
Discussed
 2009 OK 66, 218 P.3d 887, ROWE v. ROWE
Discussed
 2010 OK 85, 247 P.3d 1162, FOSHEE v. FOSHEE
Discussed
 1980 OK 94, 613 P.2d 476, State ex rel. Cartwright v. Oklahoma Ordnance Works Authority
Discussed
Title 43. Marriage
 Cite
Name
Level

 43 O.S. 102, Residency Requirement of Plaintiff or Defendant - Army Post or Military Reservation
Cited
 43 O.S. 109, Best Interest of Child Considered in Awarding Custody or Appointing Guardian - Joint Custody - Plan - Arbitration
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA