In the Matter of the GUARDIANSHIP OF Violet S. WALKUP, an incompetent person.

**Ben SUMRALL and Marge Jennings, Appellants,**

v.

**Danny WRIGHT and Aline Fretz, Appellees.**

No. 72991.

Court of Appeals of Oklahoma, Division No. 3.

Oct. 2, 1990.

Bill Settle, Muskogee, for appellants.

Ann M. Threlkeld, Oklahoma City, for appellees.

## ORDER OF DISMISSAL

GARRETT, Presiding Judge:

Violet S. Walkup (Violet) is a retired school teacher who is widowed and childless. When Violet's physical and mental health failed, Appellants Ben Sumrall and Marge Jennings, Violet's brother and sister, petitioned the court to be appointed her guardian. Appellees Danny Wright and Aline Fretz, Violet's close friends, contested the petition, and requested the court to appoint them her guardian. The trial court adjudged Violet to be incompetent and appointed Appellants guardian of her person. The First National Bank and Trust Compa-

ny (the Bank) was appointed guardian of her property.

Before the adjudication, Appellants saw little of Violet on a regular basis, but did make contact with her at Christmas and at other times. Violet grew to depend upon Appellees, who provided companionship and helped her with her medical and physical needs for many years. They also helped her handle her bills and financial matters and were on some of her bank accounts for convenience.

Violet had the uncanny ability to accumulate a large estate comprised of large sums of money. Prior to being declared incompetent, she put a large portion of her money into certificates of deposit (CD's) with the aid of Appellees. Most of the funds in which the CD's were held were placed in joint tenancy accounts, with Violet and Danny Wright as joint tenants on one account, and Violet and Aline Fretz as joint tenants on the other account.

After Violet was adjudicated incompetent, the Bank filed an Application for Order Nunc Pro Tunc or in the Alternative an Application to Terminate Joint Tenancy on Guardianship Property. The trial court denied the request to terminate the joint tenancy. Although the court did not specifically deny the application for order nunc pro tunc, the denial was implied by operation of law. The Bank did not appeal the trial court's ruling. Appellants, Violet's brother and sister, appeal from the order denying the Bank's request to terminate the joint tenancy.

Appellees have moved to dismiss this appeal. By order of the Supreme Court on May 12, 1989, the motion was deferred. Appellees contend the appeal should be dismissed because Appellants have no standing to appeal. We agree and dismiss.

■ The general rule with regard to standing to appeal is that one must be aggrieved by a court's decision to bring an appeal from it. *Cleary Petroleum Corp. v. Harrison*, 621 P.2d 528 (Okl.1980). An "aggrieved party" is defined in *Cleary*, at page 530, as:

one whose pecuniary interest in the subject-matter is directly and injuriously af-fected or one whose right in property is either established or divested by the decision from which the appeal is prosecuted. Generally, if the judgment sought to be reviewed does not, by its own force, operate to impose a burden or obligation, and it has no binding effect upon any right, interest, person or property of the appealing party, that appellant is not deemed aggrieved. The effect of a judgment must be direct, substantial and immediate, rather than contingent on some future event.

In *Cleary*, the Supreme Court held that an oil and gas lessee was an aggrieved party to appeal an order determining its lessor owned only an easement, instead of a mineral estate. The Court stated that an oil and gas lease is a presently vested interest. When the lessor's deeds were determined to give the lessor only an easement, the Court stated the lease "became *eo instante* a worthless grant from one without a title. The consequent detriment to lessee's estate is a direct and immediate divestiture of a valuable property right. It hence confers on lessee standing to appeal as an aggrieved party." 621 P.2d at 531.

■ Standing requires a " 'personal stake' in the litigation because of an actual or threatened distinct injury which has a causal connection between the alleged wrong and the actions challenged." *Turley v. Flag–Redfern Oil Co.*, 782 P.2d 130, 135 (Okl.1989) (surface owners were not aggrieved persons to appeal a corporation commission order regarding drilling and spacing applications). The "key element is whether the party whose standing is challenged has sufficient interest or stake in the outcome." *Matter of Estate of Doan*, 727 P.2d 574, 576 (Okl.1986). The Supreme Court held the YMCA had a "substantial vested interest as an income beneficiary" and had standing to challenge the construction of the will.

■ In the instant appeal, Appellants do not stand to lose any property interest from the denial of an application to terminate the joint tenancy in the CD's. The judgment imposes no burden or obligation

upon Appellants and has no "direct, substantial and immediate" effect upon them in their capacity as guardians of the person.

The power of a guardian of the person is set out at 30 O.S.Supp.1988 § 1–120:

A. A guardian of the person is charged with the custody of the ward, and must look to the support, health and education of the ward. He may fix the place of abode of the ward at any place within the county, but not elsewhere, without permission of the court. Any change in the place of abode of a ward within the county shall be reported to the court by the guardian of the ward within ten (10) days following such change unless a prior order of approval of such change has been entered by the court.

B. Limited guardians of partially incapacitated persons shall not have custody of the person of the ward and shall have only those powers or controls over the person of the ward specifically ordered in a dispositional order or other order of the court.

Appellants do not have an obligation imposed upon them by the order denying the application to terminate the joint tenancy. The order had no immediate or direct effect upon them in their capacity as guardian of the person, nor was a substantial right affected by the order.

Prospective heirs, or those who believe they will be heirs or beneficiaries when someone dies, do not have any legal interest in the assets of that living person. Such right or interest, if any, that they may acquire in the estate of a decedent does not accrue until the time of death.

Appellants are not "aggrieved parties" with standing to appeal.

APPEAL DISMISSED.

HUNTER, V.C.J., and HANSEN, J., concur.