2003 OK CIV APP 77

Sherry D. WALLIS, Plaintiff,

v.

Kevin R. WALLIS, Defendant/Appellee,

and

Stefanie Rena Wallis and Karla Denys Wallis, minors, Appellants.

No. 97,167.

Court of Civil Appeals of Oklahoma, Division No. 1.

June 27, 2003.

Robert M. Butler, Law Offices of Robert M. Butler, P.C., Tulsa, OK, for Plaintiff/Appellant.

Herlinda M. Arriaga, Jones, Givens, Gotcher & Bogan, P.C., Tulsa, OK, for Defendant/Appellee.

Opinion by BAY MITCHELL, Judge:

¶ 1 This case stems from a divorce. Mother, Appellant Sherry D. Wallis, and Father, Appellee Kevin R. Wallis, are the parties to the proceeding. The appeal is from the trial court's order on a motion filed by Mother and Father's minor Children, Stefanie Rena Wallis and Karla Denys Wallis, to "Correct the Record, Correct the Order of the Court Filed September 27, 2001, to Speak the Truth, and for the Court to Make a Final Order, Either Allowing or Disallowing the Minor Children's Attorney to Represent the Children Before this Court," in which the trial court reiterated its removal of, and refusal to appoint, Robert M. Butler—an attorney retained and compensated by Mother— as Children's counsel in the case.

*Factual and Procedural Background*

¶ 2 On December 20, 1999, Father filed a Motion to Modify Decree of Divorce, alleging that Mother consistently has failed to comply with her legal duties under various orders arising out of the parties' 1995 divorce action.

In particular, Father alleges Mother refused to make Children available for Father's court-ordered visitation and is cohabitating with a man who is married to someone other than Mother. In addition to the Motion to Modify, Father also filed four Applications for Contempt Citation between December 1999 and September 2000, primarily regarding Mother's failure to make Children available for scheduled visitation.

¶ 3 On August 25, 2000, Robert M. Butler entered an appearance in the case as attorney for Children, in which he also moved for appointment as their Guardian Ad Litem ("GAL"), should the trial court deem it necessary to appoint one. On the same day, Mr. Butler, in his intended capacity as Children's attorney, filed a "Motion for Suspension of Visitations and for Mental Evaluations", requesting the trial court suspend Father's visitation and order Mother, Father, and Children to submit to mental evaluations and treatment if necessary. The motion alleged Children would be in fear for their mental and physical well-being and safety if forced to continue visiting with Father. The children were ages ten and twelve at that time. At no point have Children filed a motion to intervene as parties in this action. Nor have they reported any alleged abuse to the Department of Human Services or otherwise initiated deprived child proceedings under 10 O.S.2001 § 7003–1.1 *et seq.*

¶ 4 After the trial court issued an order setting a hearing on the Motion for Suspension of Visitations and for Mental Evaluations, Father filed a motion challenging Children's filings by Mr. Butler. Father argued that, as minors and non-parties, Children do not have standing in the current proceeding and cannot legally retain their own attorney. Father also pointed to a potential conflict of interest in Mr. Butler's representation, given that it is Mother who pays for Mr. Butler's services. Father requested the trial court appoint an independent GAL on Children's behalf.

¶ 5 Mr. Butler responded denying any conflict of interest, stating that he was working on a pro-bono basis [1] and representing Children, not Mother. Mr. Butler further stated that Children would prefer not to specify their allegations of abuse and do not seek full termination of Father's parental rights, only suspension of visitation until he undergoes a mental-health evaluation. Finally, Mr. Butler argued that the United States and Oklahoma Constitutions guarantee Children the right to the legal representative of their choice.

¶ 6 On September 25, 2000, during Mother's arraignment on Father's Fourth Application for Contempt Citation, the trial court concluded that it was in the best interest of Children for it to appoint J. Kenton Francy, Esq., as Children's GAL.

¶ 7 On April 12, 2001, Children—through Mr. Butler, not Mr. Francy—filed a Notice to Take Examination of Father for clinical interviews and psychological testing. On July 20, 2001, Father filed a motion to remove Mr. Butler. On September 27, 2001, the trial court granted Father's motion, removing Mr. Butler from the case. The trial court noted that the pertinent statutes require the *trial court* to appoint either an attorney or a GAL on behalf of minor children and reasoned that this neutral appointment is particularly important in high-conflict divorce cases "given the danger of exposing the children to partisan interests of their parents." The trial court also acknowledged Mother's payment of Mr. Butler's retainer presents a conflict of interest. The trial court further stated it would consider the appointment of another attorney to represent Children, pursuant to 10 O.S. § 7002–1.2(C), if evidence were to indicate that Children were subjected to abuse or neglect.

¶ 8 In response to the trial court's order, Children, again through Mr. Butler not Mr. Francy, filed their "Motion to Correct the Record ...", the denial of which forms the basis of the present appeal. In that motion, Children requested the trial court issue a final, appealable order either permitting or prohibiting them from exercising their pur-

---

1. Mr. Butler later advised the trial court that he was referred to Mother by a family friend and that Mother paid his retainer. Mr. Butler indicated to the trial court that Children were going to pay Mother back for the retainer out of their summer jobs and allowances.

ported right to select the counsel of their choosing. In its order denying Children's "Motion to Correct Record ..." the trial court reasoned that Mr. Butler's "strident language and tone in his pleadings, given that this case involves multiple professionals who are attempting to deal with healing issues" is counterproductive to the proceedings, and his payment by Mother, albeit "on behalf of" Children, presents a conflict of interest regarding his representation. The trial court further stated that it was satisfied that the service of Mr. Francy, Childrens' appointed GAL, best serves their interests and "that appointment of still another attorney in this matter would be a waste of judicial and public resources, confusing to the children, and counterproductive, given Mr. Francy's excellent service thus far as GAL." The trial court further determined that Children had presented only allegations, not evidence, of mental abuse and that, until such time, appointment of counsel for Children thus was not mandated by 10 O.S.2001 § 7002–1.2(C).

¶ 9 Whether minor children of divorced parents have the right to choose their own counsel to represent them in a legal dispute concerning the terms of their visitation with their non-custodial parent presents a legal question which we review *de novo*. *See Kluver v. Weatherford Hosp. Auth.,* 1993 OK 85, ¶ 14, 859 P.2d 1081, 1083 ("Issues of law are reviewable by a de novo standard and an appellate court claims for itself plenary, independent and non-deferential authority to re-examine a trial court's legal rulings.").

¶ 10 Under Oklahoma law, "[a]ll persons are capable of contracting, except minors...." 15 O.S.2001 § 11. Minors are defined as persons under eighteen (18) years of age. 15 O.S.2001 § 13. It is undisputed that Children herein are minors. It is also undisputed that Children are not parties to their parents' divorce action.

¶ 11 Recognizing that the minor children of divorced parents are incapable of contracting for legal representation but have important interests at stake deserving of protection, Oklahoma law requires trial courts to take into account the best interests of children of divorced parents. 43 O.S.2001 § 109(A). In so doing, a trial court may appoint a GAL for the children, to assist it in determining which custody and visitation arrangements would best support the children's physical, mental, and moral welfare. *Id.* A GAL so appointed becomes an officer of court and is charged with duty of determining the best interests of the minor children. *Kahre v. Kahre,* 1995 OK 133, ¶ 31, 916 P.2d 1355, 1362. What the minor children's own wishes may be is but one factor for both the GAL and the trial court to consider. *Id.,* ¶ 33.

¶ 12 Through the court-appointed, neutral GAL process, Oklahoma has struck a balance between the due process rights [2] of children and their lack of majority status while avoiding the risk of undue influence by the divorcing parents. Indeed, even in child deprivation proceedings where there is evidence of abuse and the appointment of a separate attorney to represent the children, as opposed to a GAL, is mandatory, the statute expressly states that it is the trial judge, not the parents, who shall make the selection. 10 O.S.2001 § 7003–3.7(A)(2)(a).

¶ 13 Accordingly, we hold that Children, being minors and non-parties, do not have the right to select their own attorney to represent their interests in proceedings involving their parents' divorce. Mr. Butler was properly removed from the case and the trial court did not err in refusing to appoint him as Guardian Ad Litem.

¶ 14 The decision of the trial court is AFFIRMED in all respects.

HANSEN, J., and JONES, J., concur.

---

2. The pertinent terms of Art. 2, § 7, Okl. Const. are: "no person shall be deprived of life, liberty, or property, without due process of law." The pertinent terms of the Fourteenth Amendment, U.S. Const., are "[N]or shall any State deprive any person of life, liberty, or property, without due process of law."