2009 OK 66

Traci R. ROWE, Plaintiff/Appellee,

v.

Michael B. ROWE, Defendant/Appellee,

and

Donelle H. Ratheal, Guardian
Ad Litem/Appellant.

No. 105,532.

Supreme Court of Oklahoma.

Sept. 22, 2009.

Sherman A. Reed, Sherman A. Reed, P.C., Edmond, OK, for Appellee Traci R. Rowe.

M. Eileen Echols, David W. Echols, Jonathan D. Echols, Amy L. Howe, Echols and Associates, Oklahoma City, OK, for Appellee Michael B. Rowe.

Donelle H. Ratheal, pro se, and Darquita L. Maggard, Donelle H. Ratheal, P.C., Oklahoma City, OK, for Appellant Donelle Ratheal, Guardian Ad Litem.

HARGRAVE, J.

¶ 1 Traci R. Rowe (Mother) and Michael B. Rowe (Father) were divorced in 1998. They had one minor child, born December 18, 1996. In 2002 a shared parenting plan was entered into, with both parents having decision-making authority. On October 29, 2003, Donelle H. Ratheal was appointed as the guardian ad litem for the minor child. The order of appointment vested the guardian ad litem with the powers enumerated in 43 O.S. § 107.3 and directed her to participate in any and all proceedings in the matter to the same extent as though she represented a party to the litigation. The guardian ad litem was given permission by the trial judge to file a motion to modify custody to give Father sole custody of the child with supervised visitation to the mother. Father filed a counter motion to modify to give him sole custody. At trial, the parties stipulated to the dissolution of the joint custody plan. Trial on permanent custody was conducted in February and August of 2007. The guardian ad litem presented her reports to the court along with witnesses. The mother and father both testified. The trial court vacated all previous custody orders and granted sole and exclusive custody of the child to Mother. Father was given visitation and directed to pay child support. The order released the guardian ad litem from further representation or obligation in the matter.

¶ 2 Father did not appeal the custody order, nor did Mother. The guardian ad litem filed a petition in error in this Court attempting to appeal the trial court's award of custody to Mother, asserting that the trial court's ruling was against the weight of the evidence because the trial court did not follow her recommendation that sole custody should be placed with Father. Mother and Father were designated as "appellees" to the appeal. After the briefing cycle was complete, Mother filed a motion to dismiss the appeal on the ground that the guardian ad litem lacked standing to appeal from a child custody decision in a private divorce proceeding. The Court of Civil Appeals dismissed the appeal

based on the guardian's lack of standing. We granted the petition for certiorari to consider a question of first impression.

¶3 In a divorce action, the trial court is vested with discretion in awarding custody and visitation, but the best interests of the child must be a paramount consideration. *Daniel v. Daniel*, 2001 OK 117 ¶ 21, 42 P.3d 863, 871. When joint custody is terminated, the trial court must proceed as if it is making an initial custody determination and award custody in accord with the best interests of the child, as if no such joint custody decree had been entered. *Id.* The responsibility for making the custody determination lies solely with the trial court.

¶4 The trial court in a contested custody proceeding may appoint an attorney at law as guardian ad litem to appear for and represent the minor children, either on motion of the court or upon application of any party. 43 O.S. Supp.2008 § 107.3.[1] The guardian ad litem may be appointed to objec-

tively advocate on behalf of the child and act as an officer of the court to investigate all matters concerning the best interests of the child. *Id.* The legislature has created in § 107.3 a blended role of guardian ad litem and attorney for the children.[2] The guardian ad litem appointed pursuant to § 107.3 does not have a true attorney-client relationship with the minor children. The guardian ad litem's obligation remains the same as that of the trial court: the child's best interests, even though the child's wishes may be otherwise. *Kahre v. Kahre*, 1995 OK 133 ¶ 33, 916 P.2d 1355. The guardian ad litem may be a witness in the case. *Kelley v. Kelley*, 2007 OK 100, 175 P.3d 400. In *Kelley*, the guardian ad litem in a child custody proceeding asserted that she could not be called as a witness because she was essentially an attorney advocating in the cause. We rejected that argument and overturned that part of § 107.3(A)(2)(e) that provided that the guardian ad litem is not subject to discovery pursu-

---

1. 43 O.S. Supp.2006 § 107.3(A) provides, in pertinent part, that:

   "1. In any proceeding when the custody or visitation of a minor child or children is contested by any party, the court *may* appoint an attorney at law as guardian ad litem upon motion of the court or upon application of any party to appear for and represent the minor children.

   2. The guardian ad litem *may* be appointed to objectively advocate on behalf of the child and act as an officer of the court to investigate all matters concerning the best interests of the child. In addition to other duties required and specified by the court, a guardian ad litem shall have the following responsibilities:

   a. Review documents, reports, records and other information relevant to the case, meet with and observe the child in appropriate settings, and interview parents, caregivers and health care providers and any other person with knowledge relevant to the case including, but not limited to, teachers, counselors and child care providers,

   b. advocate for the best interests of the child by participating in the case, attending any hearings in the matter and advocating for appropriate services for the child when necessary,

   c. monitor the best interests of the child throughout any judicial proceeding,

   d. present written reports to the parties and court prior to trial or at any other time as specified by the court on the best interests of the child that include conclusions and recommendations and the facts upon which they are based, and

   e. the guardian ad litem, shall, as much as possible, maintain confidentiality of information related to the case and is not subject to discovery pursuant to the Oklahoma Discovery Code." (Emphasis added).
   * * *

2. Guardian ad litem's argument that denying her standing to appeal creates an exception between counsel for children in other juvenile proceedings and counsel for the child in a divorce custody proceeding, thus creating two separate classes of children with no rational basis therefor, ignores the different statutory schemes for Title 10 "juvenile matters" brought pursuant to Oklahoma's Children's Code, Oklahoma's Juvenile Code, Oklahoma's Adoption Code or Oklahoma's Uniform Parentage Act. Likewise, the Oklahoma Supreme Court Rules prescribe a different appellate procedure for "juvenile appeals" from a judgment or order entered pursuant to Title 10 Oklahoma Statutes in paternity proceedings, Oklahoma Children's Code proceedings, Oklahoma Juvenile Code proceedings or Oklahoma Adoption Code Proceedings. Rule 1.10, Rule 1.23, Okla. Sup.Ct. Rules. The rules of law applicable to Title 10 proceedings involving the welfare of children are not necessarily the same as in questions of custody ancillary to divorce proceedings. *State ex rel. Hunter v. Duncan*, 1955 OK 246, 288 P.2d 388, 391. Although the welfare of children is the controlling factor in both types of cases, the divorce cases must also consider and determine the personal rights of the parents as parties litigant; in one, the emphasis is on the parent/child relationship and in the other it is on the state/child relationship. *Id.*

ant to the Oklahoma Discovery Code. We held that the parties had a constitutional due process right to cross-examine the guardian ad litem about her report to the court regarding custody.

¶ 5 The role of the guardian ad litem in a custody dispute is to act as an arm of the court and to see to the best interests of the child. *Kahre v. Kahre*, 1995 OK 133 ¶ 34, 916 P.2d 1355. In *Kahre* we explained the role of the guardian ad litem in a custody matter:

"In custody matters the guardian ad litem has almost universally been seen as owing his primary duty to the court that appointed him, not strictly to the child client. *State ex rel. Bird v. Weinstock*, 864 S.W.2d 376, 384 (Mo.App.1993). See also Elrod, Counsel for the Child in Custody Disputes: The Time is Now, 26 Fam. L.Q.53, 59–62 (1992), in which the author observes that the guardian ad litem fills a void for the court. Without the guardian ad litem, the trial court has no practical means to ensure that it receives the information it needs to secure the best interests of the child are served until after the information has been filtered through the adversarial attitudes of the warring parents. The guardian ad litem makes his own investigation as the trial court's agent. The wishes of the minor child are one factor to be considered, but the guardian ad litem's obligation remains the same as that of the trial court: the child's best interests, although the child's wishes may be otherwise." *Kahre v. Kahre*, 1995 OK 133 ¶ 33, 916 P.2d 1355.

¶ 6 The appointment of a guardian ad litem pursuant to 43 O.S. § 107.3 is purely discretionary with the court. The trial court may, on its own motion or that of the parties, appoint a guardian ad litem to assist the court in the best interests determination. The guardian ad litem shall serve as needed by the court and may be discharged when the services are no longer required. It is the responsibility of the trial judge to determine the best interests of the child and to award custody of the minor child. 43 O.S. Supp. 2008 § 112. The trial judge can make that decision with or without the assistance of a guardian ad litem. The guardian ad litem in such cases cannot be said to be a necessary or an indispensable party to the proceedings.

¶ 7 Neither is the minor child a party. Children are not parties to their parents' divorce and the children do not have the right to select their own attorney to represent their interests in proceedings involving their parents' divorce. *Wallis v. Wallis*, 2003 OK CIV APP 77, 78 P.3d 562, 564. Children lack party status to appeal the court's custody order in a divorce proceeding. *Ihinger v. Ihinger*, 175 Vt. 520, 824 A.2d 601, 603 (2003). Although minor children are affected by the decisions courts must make concerning parental rights and responsibilities in the course of divorce proceedings, divorce is a creature of statute and courts may adjudicate matters in a divorce only in accordance with the statute. *Id.*

¶ 8 The general rule with regard to standing to appeal is that one must be aggrieved by a court's decision in order to bring an appeal from it. *In re Guardianship of Walkup*, 1990 OK CIV APP 80, 799 P.2d 145, 146. In *Sarkeys v. Indep. Sch. Dist. No. 40, Cleveland County*, 1979 OK 42, 592 P.2d 529, 535–536 we said:

The common law limited the right to . . . . appeal, to those who were parties or privies to the action in which the judgment or decree complained of was rendered, and this rule has been incorporated in most of the statutes regulating the subject; these statutes giving the right of review to any 'party' aggrieved. Under such limitation third persons, no matter how much they may be prejudiced by the judgment, decree or order, cannot obtain its review by appeal or writ of error. The record on appeal should accordingly show that the appellant or plaintiff in error was a party or privy. (Citations omitted).

¶ 9 A party invoking this Court's jurisdiction has the burden of establishing his or her standing, when contested, to pursue the action in court. *Toxic Waste Impact Group, Inc. v. Leavitt*, 1994 OK 148, 890 P.2d 906. Only one whose substantial rights are injuriously affected may appeal from a decision, however erroneous. *Id.* at 911. The

appropriate inquiry on a standing question is whether the plaintiff has in fact suffered injury to a legally protected interest as contemplated by statutory or constitutional provisions. *Independent School Dist. No. 9 v. Glass,* 1982 OK 2, 639 P.2d 1233, 1237. We have held that an administrator of an estate, in his representative capacity, was not a party aggrieved or a party interested in a decree that determined the heirs at law of the estate for which he was administrator and hence he could not maintain in his representative capacity an appeal from such decree. *In re Lee's Estate,* 1952 OK 137, 206 Okla. 275, 243 P.2d 1013. Likewise, in *Walkup, supra,* guardians did not have standing to appeal trial court's refusal to terminate ward's joint tenancy accounts because they had no personal stake in the litigation.

¶ 10 One cannot appeal from a decision, however erroneous, which does not affect one's substantial rights. *In the Matter of the Adoption of Baby G.,* 2008 OK 92, 195 P.3d 377, 379. In the case at bar the guardian ad litem is neither a party to the divorce proceeding nor is she "aggrieved" by the trial court's ruling. The guardian ad litem has no personal stake in the outcome of the litigation and she is not aggrieved by the trial court's failure to follow her recommendation regarding custody.

¶ 11 We hold that the guardian ad litem in this private divorce proceeding lacks standing to prosecute an appeal from the trial court's permanent custody order. We also deny Mother's application for appeal-related attorney fees.

**CERTIORARI HAVING BEEN PREVIOUSLY GRANTED, THE OPINION OF THE COURT OF CIVIL APPEALS IS VACATED AND THE APPEAL IS DISMISSED.**

¶ 12 ALL JUSTICES CONCUR.