MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:      2014 ME 120
Docket:        Yor-14-37
Submitted
  On Briefs:   September 23, 2014
Decided:       November 4, 2014

Panel:         SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, GORMAN, JABAR, and HJELM, JJ.

CYNTHIA (MARTIN) REMICK

v.

KEVIN MARTIN

GORMAN, J.

[¶1]    Kevin Martin appeals from a judgment of the District Court (Biddeford, *Foster, J.*) denying his various post-judgment motions in connection with his 2010 divorce from Cynthia (Martin) Remick.  Martin challenges several of the court's factual findings on which the court based its denial.  We vacate and remand for reconsideration.

## I.  BACKGROUND

[¶2]  Martin and Remick divorced on July 27, 2010.  They have one minor child, born in 2003.  In the divorce judgment, the court (*Janelle, J*.) awarded sole parental rights and responsibilities along with primary residential care to Remick and granted Martin extensive contact on weekdays, weekends, and holidays.  The

2

court also ordered Martin to receive counseling focused on domestic violence and provide Remick with information about the counseling.

[¶3] In the spring and summer of 2011, the parties filed various motions for contempt, enforcement, and modification. In February of 2012, by agreement of the parties, the court (*Driscoll, J.*) appointed a guardian ad litem for the parties' minor child to assist the court in planning for the child's needs. After the final hearing on the motions, the court found Martin in contempt for failing to comply with the divorce judgment's counseling requirements. It found, inter alia, that Martin's behavior demonstrated "his continued attempts to ignore the court orders in place and do what he pleases in spite of the negative impact upon his son's emotional health."

[¶4] On September 12, 2012, the court issued an amended divorce judgment reducing Martin's contact with his child to three Sundays per month and ordering that even this contact was "conditioned upon Kevin's enrollment in the Violence No More BIP [Batterer's Intervention Program] within 30 days." The judgment also provided that, "[u]pon proof of successful completion" of the program, Martin's contact with the child would revert to the schedule outlined in the 2010 divorce judgment. We affirmed the amended judgment. *Remick v. Martin*, Mem-13-66 (June 11, 2013).

[¶5]   In July of 2013, Remick moved to "stay the contempt order" and further modify the divorce judgment.   Martin responded in opposition to the motion, and the court (*Foster, J.*) scheduled a conference for September 16.   On that date, Martin filed motions for contempt and to enforce.   He asserted that although he had provided Remick with proof of his completion of the Violence No More program, she had failed to permit his contact with their child to revert to the schedule created by the 2010 divorce judgment.   During the conference, the court ordered Remick's counsel to prepare a release for Martin's signature that would notify the director of the Violence No More program that Martin was permitting the director to speak with Remick's attorney.

[¶6]   On November 4, 2013, the court conducted a hearing on Martin's pending motions.   In its order on the motions, issued just over a month later, the court found that Martin "continues to engage in controlling behavior similar to that which caused the [c]ourt concern in the summer of 2012" and, therefore, Martin failed to show "successful completion" of the Violence No More program as required by the 2012 amended judgment.   In response to a motion by Martin, the court issued further findings on January 14, 2014.   Among its other findings, the court supported its conclusion that Martin's behavior had not changed by finding that, even after completing the Violence No More program, Martin had filed a criminal complaint against Remick's parents when they accompanied Remick to an

exchange of the child and had failed to comply with the court's order to provide a release for Remick's attorney to speak with the director of the Violence No More program. Martin timely appealed.

## II. DISCUSSION

[¶7] Martin challenges the sufficiency of the evidence supporting the court's factual findings regarding his failure to successfully complete the Violence No More program, on which the court relied in denying Martin increased contact with his child. We review for clear error the court's factual findings, and we review the court's ultimate decision on the motion for an abuse of discretion. *Charette v. Charette*, 2013 ME 4, ¶ 15, 60 A.3d 1264. Clear error exists and requires reversal of a finding if

> (1) there is no competent evidence in the record to support it, or (2) it is based on a clear misapprehension by the trial court of the meaning of the evidence, or (3) the force and effect of the evidence, taken as a total entity, rationally persuades to a certainty that the finding is so against the great preponderance of the believable evidence that it does not represent the truth and right of the case.

*In re A.M.*, 2012 ME 118, ¶ 29, 55 A.3d 463 (quotation marks omitted).

[¶8] On appeal, we have the benefit of transcripts of the September 16, 2013, conference and the November 4, 2013, hearing. Those transcripts demonstrate that several of the facts on which the court denied Martin relief were not supported by the record evidence. First, the court's finding that Martin filed a

criminal complaint against Remick's parents after completing the Violence No More Program in 2013 reflects a misapprehension of Remick's testimony. Remick's testimony, although somewhat confusing, is that Martin filed that complaint before the issuance of the amended divorce judgment. Remick concedes that the court's finding misstates the timing of the incident. The timing of this event is critical because the court used this specific evidence of Martin's behavior in concluding that he had not successfully completed the Batterers' Intervention Program.

[¶9]   In addition, the finding that Martin refused to comply with a court order to provide a release for the director of the Violence No More program is not supported by the record. During the September 16, 2013, conference, the court ordered Remick's attorney to draft a release for Martin's signature and to share the release with Martin before sending it to the director. The attorney did not follow this order. Instead, Remick's attorney emailed the director immediately after the September 16, 2013, hearing to inform him of the November 4, 2013, hearing and to ensure that a release would be signed. On November 4, 2013, Remick's attorney stated to the court that the director indicated in his reply email that he would take care of the release. On cross-examination by Remick's attorney, the director stated that he did have Martin sign a release on October 30, 2013. Nevertheless, Remick's attorney was unaware that Martin signed a release before

6

the November 4, 2013, hearing and, as a result, did not have access to the director prior to the hearing. In its findings, the court, apparently misremembering its order to Remick's attorney to share the release with Martin before sending it to the director, stated that the court "did not direct" Remick's attorney to prepare a release for Martin to sign and that Martin "refused to sign" the release. Again, Remick concedes that her attorney was directed to prepare the release. Because the court did order Remick's attorney to provide Martin with a release and Remick's attorney failed to do so, the court's determination that Martin had *refused* to sign a release is not supported by the record.

[¶10]   These findings were not supported by competent evidence, and, therefore, they should not have been used by the court to determine that Martin had failed to successfully complete the program. Because these unsupported findings did form the basis of the court's conclusion, they are not harmless errors. *See Shaw v. Packard*, 2005 ME 122, ¶ 13, 886 A.2d 1287 ("Any alleged error of the trial court that does not affect the substantial rights of a party is harmless and therefore must be disregarded."). We therefore vacate the judgment and remand the matter to the District Court for it to reconsider its decision in the absence of these unsupported findings. *See Cole v. Cole*, 561 A.2d 1018, 1021 (Me. 1989)

(remanding a divorce judgment for a reconsideration based on the clear error of one factual finding regarding the value of a pension fund).[1]

The entry is:

> Judgment vacated. Remanded for reconsideration
> on the record as already established.

---

[1] Martin did not raise the issue of whether the court correctly interpreted the amended judgment. If he had, we would have reviewed de novo whether the amended judgment's requirement of successful completion is "reasonably susceptible to different interpretations and therefore ambiguous." *Ramsdell v. Worden*, 2011 ME 55, ¶ 17, 17 A.3d 1224.

"When a judgment is unambiguous, it must be enforced in accordance with the plain meaning of the language in the judgment. Courts may not, under the guise of a clarification order, make a material change that modifies the provisions of the original judgment." *Burnell v. Burnell*, 2012 ME 24, ¶ 15, 40 A.3d 390 (quotation marks omitted) (citation omitted); *see also Ramsdell v. Worden*, 2011 ME 55, ¶ 17, 17 A.3d 1224.

When a judgment is ambiguous "[w]e will . . . review a court's clarification of an ambiguity in a judgment for abuse of discretion." *Thompson v. Rothman*, 2002 ME 39, ¶ 7, 791 A.2d 921. "The focus of this review will remain whether the court's construction of its prior judgment is consistent with its language read as a whole and is objectively supported by the record." *Id*. ¶ 8 (quotation marks omitted). We would also have weighed whether "the same judge who issued the original judgment also made the clarification," and we would have reviewed factual findings based on extrinsic evidence for clear error. *Id.*

It appears from the judgment before us that the court did find "successful completion" to be ambiguous and interpreted "successful completion" to require that "Mr. Martin understood his actions constituted abuse and was prepared to make the changes necessary to avoid repeated instances of such behavior." On remand, the court may choose to revisit whether the amended judgment's requirement of "successful completion" is ambiguous and, if so, what the court interprets the "successful completion" provision to require.

8

**On the briefs:**

Kevin Martin, appellant pro se

Timothy E. Robbins, Esq., South Portland, for appellee Cynthia (Martin) Remick

Biddeford District Court docket number FM-2008-346
FOR CLERK REFERENCE ONLY