

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00390-CV

**IN THE MATTER OF THE MARRIAGE OF ANGELA ZESIGER AND BRYAN ZESIGER**

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2010-553,245, Honorable John C. Grace, Presiding

May 20, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Bryan Zesiger, appearing pro se,[1] appeals from the trial court's enforcement order stemming from a post-divorce enforcement proceeding regarding military retirement benefits.  Through two issues, Bryan contends (1) the state court lacked authority to enter or enforce an order governing military retirement benefits

---

[1] Angela Zesiger also appears pro se before this Court.

because it conflicts with federal law and (2) the state court order is unenforceable under the Supremacy Clause of the United States Constitution.[2]  We affirm.

## BACKGROUND

The parties married in September 1996 and divorced in December 2011 in Lubbock County, Texas.  Bryan served in the military during the parties' marriage and earned retirement benefits for that service.  The Final Decree of Divorce awarded Angela Zesiger "[o]ne-half of any and all pensions and retirement benefits arising out of the Respondent's employment beginning on the date of marriage and ending on the date of divorce, July 6, 2011."  Bryan retired from the military in November 2019 and began receiving military retirement benefits.  In 2025, Angela sought enforcement of the decree related to those benefits.

The court entered an enforcement order clarifying the final decree and finding Angela was entitled to a portion of Bryan's military retired pay.  It determined that sum to be $115,419.06 and ordered payment of $1,474.58 per month beginning July 1, 2025.[3]  It further ordered Bryan to execute the required forms to effectuate the payments.

## ANALYSIS

By this appeal, Bryan contends the trial court was without authority to enter its *Order Granting Enforcement of Final Decree.*

---

[2] During the pendency of this appeal, Bryan also filed a Motion to Stay Enforcement Pending Appeal.  We deny that motion.

[3] That amount reflected cost of living adjustments.

Standard of Review and Applicable Law

We review the trial court's ruling on a post-divorce motion for enforcement of a divorce decree under an abuse of discretion standard. *In re Manor*, No. 07-16-00143-CV, 2018 Tex. App. LEXIS 2068, at *3 (Tex. App.—Amarillo Mar. 21, 2018, pet. denied) (mem. op.) (explaining that trial court retains continuing subject matter jurisdiction to clarify and enforce the decree's division of property and may render further orders to assist in implementation of prior order). A trial court abuses its discretion when it acts unreasonably, arbitrarily, or without reference to guiding rules or principles. *Cucolo v. Cucolo*, No 07-22-00218-CV, 2023 Tex. App. LEXIS 2180, at *6 (Tex. App.—Amarillo April 4, 2023, no pet.) (mem. op.).

The federal law governing distribution of a service member's military retirement pay in state court divorce proceedings is the Uniformed Services Former Spouses' Protection Act (USFSPA). *See* 10 U.S.C.S. § 1408; *Burnell v. Burnell*, 40 A.3d 390, 393–94 (Maine 2012). The USFSPA permits state courts to divide military pensions according to state law and provides a mechanism through which such awards to spouses may be enforced. *See Mansell v. Mansell*, 490 U.S. 581, 584–85, 109 S. Ct. 2023, 104 L. Ed. 2d 675 & n.2 (1989). But, the statute applies "only when the court order expressly makes such an award as a specific amount or percentage of benefits and does not itself grant a former spouse any independent right to the benefits." *Burnell*, 40 A.3d at 393.

Under the USFSPA, state courts are authorized to treat "disposable retired pay" as property divisible upon divorce, in accordance with the laws of the court's jurisdiction. *See* 10 U.S.C.S. § 1408(c)(1). "Disposable retired pay" means the total monthly retired

3

pay to which a member is entitled less certain enumerated amounts. 10 U.S.C.S. § 1408(a)(4)(A); *Mansell*, 490 U.S. at 584–85; *see also Howell v. Howell*, 581 U.S. 214, 137 S. Ct. 1400, 197 L. Ed. 2d 781 (2017) (noting the "new Act expressly excluded from its definition of 'disposable retired pay' amounts deducted from that pay 'as a result of a waiver . . . required by law in order to receive' disability benefits"). State courts cannot order direct payments of military retirement benefits before the service member's actual retirement but may value the community property interest in retirement benefits and adjust other property distributions. *Balderson v. Balderson*, 896 P.2d. 956, 959–60 (Idaho 1995). Further, a state court cannot restrict a service member's future right to waive retirement and elect disability benefits. *Gillin v. Gillin*, 307 S.W.3d 395, 398 (Tex. App.—San Antonio 2009, no pet.) (citing *Ex parte Burson*, 615 S.W.2d 192, 196 (Tex. 1981) (orig. proceeding)). In short, a "divorce decree cannot prohibit a military retiree from doing that which the federal law gives him or her the right to do. *Id.*

For an award to be enforceable under the USFSPA, the award must be expressed either as a percentage or as a fixed dollar amount. 10 U.S.C.S. § 1408(a)(2). A percentage award is preferred because it protects the non-member spouse's interest in cost of living allowances. *Douglas v. Douglas*, 454 S.W.3d 591, 600–01 (Tex. App.—El Paso Nov. 14, 2014, no pet.). The USFSPA also provides for direct payment mechanisms, allowing the secretary of the relevant military branch to pay a former spouse directly, provided the court order meets specific requirements, including a 10-year marriage overlapping with 10 years of military service. 10 U.S.C.S. § 1408(d). Direct payments to a former spouse are capped at 50% of the disposable retired pay. 10 U.S.C.S. § 1408(e)(1). The Defense Finance and Accounting Service (DFAS) enforces

orders dividing pay. Further, the USFSPA limits state court jurisdiction over military retirement pay to cases in which the court has personal jurisdiction over the service member based on residence, domicile, or consent. *See* 10 U.S.C.S. §§ 1408; *Broadbent v. Broadbent*, 451 P.3d 930, 932–33 (Okla. 2019).

Relevant Provisions of Final Decree of Divorce and Enforcement Order

The Final Decree of Divorce provided in relevant part:

Property of Wife: . . . "[o]ne half of any and all pensions and retirement benefits arising out of the Respondent's employment beginning on the date of marriage and ending on the date of divorce, July 6, 2011."

The enforcement order provides in relevant part as follows:[4]

IT IS ORDERED that the Final Decree of Divorce entered in this Cause shall be clarified as follows:

> Petitioner, Angela Zesiger, is awarded one-half of any and all pension and retirement benefits arising out of Bryan Zesiger's employment beginning on the date of marriage and ending on the date of divorce, July 6, 2011, that portion being $1,083.49 per month as of the July 6, 2011. With Cost of Living Adjustments, that sum as of June 1, 2025 is $1,474.58 per month, together with any Cost of Living Adjustments on that amount arising since that date and more particularly defined in an Order Dividing Military Retired Pay, signed by the Court on the day this Order is signed.

> IT IS FURTHER ORDERED that Angela Zesiger is awarded a judgment against Bryan Zesiger for unpaid military retirement benefits which were due to Angela Zesiger but received and withheld by Bryan Zesiger, together with pre-judgment interest, in the total

_____

[4] A trial court may enter orders of enforcement and clarification to enforce or specify more precisely a divorce decree's property division. TEX. FAM. CODE § 9.006(a). A trial court is prohibited from amending, modifying, altering, or changing the division of property originally set out in the decree. TEX. FAM. CODE § 9.007(a).

5

amount of $115,419.06 as of June 1, 2025, for which let execution issue.

Bryan Zesiger is ORDERED to pay to Angela Zesiger the amount of five hundred eighteen dollars and no cents ($518.00) per month towards (1) the $115,419.06 judgment awarded to Angela Zesiger herein for retirement sums received by Bryan Zesiger and towards (2) the $8,586.00 judgment awarded to Angela Zesiger herein for attorney's fees and costs of court; with the first payment being due and payable on the first day of December, 2025, and a like payment due on the first day of each month thereafter until all outstanding principal and interest thereon is paid in full.

IT IS FURTHER ORDERED to execute and deliver the **DD Form 2558 "Authorization to Start, Stop or Change an Allotment,"** attached hereto as Exhibit A, to Defense and Accounting Services, on or before November 15, 2025.

Bryan Zesiger is ORDERED to continue and maintain the "Authorization to Start, Stop or Change an Allotment" in full force and effect until such time as all judgments awarded to Angela Zesiger herein, plus all accrued interest thereon, are paid in full.

State Court's Authority

Bryan does not dispute that the trial court had personal jurisdiction over him or that the benefits at issue were "disposable retired pay." While Bryan concedes Texas law permits enforcement of valid disposable retired pay divisions, he argues this case involves the compelled use of separate federal payroll instruments and imposition of new election restraints years after the decree became final.[5] He contends the Supreme Court,

---

[5] In his reply brief, Bryan seems to attempt to raise or add to his existing issues the issue of whether the trial court exceeded its authority by compelling execution of DD Form 2558 (a voluntary federal allotment instrument) and imposing post-judgment restrictions on federally authorized benefit elections that were not contained in the original 2011 divorce decree. He argues compelling the form's execution converts a member-initiated federal payroll instrument into an unauthorized judicial enforcement device, post-judgment orders impose new election and waiver restraints not present in the 2011 decree, constituting impermissible modification, and the orders require "prior authorization by order of this Court" before specified actions and restrict conduct that would reduce disposable retired military pay. To the degree Bryan is attempting to raise a new issue, we will not address it as new issues cannot be raised in a reply

6

as set forth in *Mansell*, 490 U.S. at 588–95, *Howell*, 581 U.S. at 219-23, and *Ridgway v. Ridgway*, 545 U.S. 46, 55–56 (1981), prohibits state courts from doing what the trial court did here because the enforcement order conflicts with DFAS regulations by requiring actions DFAS is not authorized to honor and by imposing payment terms not authorized by Congress.[6]  Bryan argues the appropriate course is for Angela to submit the 2011 final decree to DFAS for review and processing.  DFAS, he asserts, is the only entity that can calculate and disburse any divisible portion of retired pay.  Angela argues federal law permits state courts to divide and enforce "disposable retired pay" under 10 U.S.C.S. § 1408.  Angela contends the trial court's order does not require DFAS to act unlawfully or award non-disposable pay.  We agree with Angela's position.

The enforcement order specifically states that DD Form 2558 is to be executed and delivered to DFAS, with notice of same sent to Angela.  This, with the exception of Bryan saying it should be Angela who does this, is the process Bryan says should occur.  We cannot see how such an order "compelled use of separate federal payroll instruments and imposition of new election restraints years after the decree became final."  Bryan agrees this is the proper procedural mechanism and it defies logic to conclude that ordering him to execute such a document exceeds authority given to the state court.

---

brief.  *Lee v. AG Tex. Farm Credit Servs.*, No. 07-21-00129-CV, 2021 Tex. App. LEXIS 9789, at *5 n.1 (Tex. App.—Amarillo Dec. 8, 2021, pet. denied) (mem. op.).

[6] Bryan requests that this Court vacate the challenged enforcement order to the extent it conflicts with federal statutes, federal regulations, and controlling Supreme Court precedent, and declare unenforceable any provision requiring actions or payments not authorized by 10 U.S.C.S. § 1408 or applicable regulations governing military retired pay administration.  In his reply brief, Bryan asks for slightly different relief, asking this Court to vacate the portions of the trial court's orders compelling execution of DD Form 2558 and imposing post-judgment election restraints and leave the remaining provisions of the decree undisturbed except as inconsistent with this Court's ruling.

Bryan also argues federal law permits only prospective payments from the date DFAS receives a qualifying order. Therefore, he claims, an attempt to impose cost of living adjustments, arrears, interest, or backpay exceeds the authority of the state court and is preempted by the USFSPA. *See Mansell*, 490 U.S. at 584–85. State courts can order arrearages or backpay from disposable retired pay if such an order is consistent with the law of the jurisdiction. *See e.g., Douglas v. Douglas*, 454 S.W.3d 591 (Tex. App.—El Paso 2014, no pet.) (calculating arrearages due former spouse).

The decree awarded Angela a percentage of Bryan's disposable military retirement pay earned from the date of his service to the date of the divorce. Such language tracked the model language published by DFAS. *See* Defense Finance and Accounting Service, Former Spouses' Protection Act, Maximum Payment Amount, *available at:* https://www.dfas.mil/Garnishment/usfspa/maximumpay/. Further, the trial court's clarification order included a proper cost of living adjustment as provided by DFAS. DFAS expressly states, "[p]ercentage awards will automatically receive a proportionate share of the member's cost-of-living adjustments (COLAs), but COLAs are not available for fixed dollar amount awards, even if COLAs were awarded in the court order." *Id.* The trial court did not include a fixed dollar amount award in the decree. The dollar amounts that appear in the enforcement order are monthly breakdowns of the amount due to Angela as her percentage of the disposable retired pay.[7] *See Berry v. Berry*, 647 S.W.2d 945,

---

[7] Texas law provides a formula for determining the extent and value of the community interest in an employee spouse's defined-benefit plan, when the latter began plan participation during marriage but retired after divorce. *See Berry v. Berry*, 647 S.W.2d 945, 946–47 (Tex. 1983). Under that formula, the extent of the community's interest is determined by dividing the number of months married under the plan by the number of months employed under the plan at the time of divorce and the value of the interest is determined as of the date of the divorce rather than as of the date of retirement. *Id.*

8

946–47 (Tex. 1983). *Compare Crayk v. Glover*, 176 P.3d 645, 646–47 (Wyo. 2008) (finding the USFSPA requires that the award be expressed as either a percentage or a fixed dollar amount but not both).

Angela further asserts *Mansell* and *Howell* prohibit redivision or indemnification but do not prohibit enforcement of valid, final decrees. The trial court's enforcement order did not do anything other than clarify and enforce the provision in the final decree of divorce. It did not change the property division set forth in the final decree.

Given the foregoing, we resolve Bryan's issue against him.

Supremacy Clause

Via his second issue, Bryan contends the Supremacy Clause controls because the order entered here conflicts with federal law. *See* U.S. CONST. art. VI, cl. 2. He argues the trial court's enforcement order reinterprets the terms in the final decree and DFAS is the only entity authorized to calculate and disburse any divisible portion of retired pay. To do so independently of DFAS, he asserts, is void and preempted by the Supremacy Clause.

Angela argues a Supremacy Clause violation exists where a state court enforces a federally authorized property interest. She contends that did not occur here and further asserts that if this Court adopted Bryan's position, it would render military retirement awards unenforceable, a result rejected by both Texas and federal courts.

The trial court's enforcement order does not calculate and disburse any divisible portion of Bryan's retirement pay independent of DFAS. It specifically directs that the

9

proper forms be submitted to DFAS so that disbursement can be made pursuant to its procedures. Therefore, the order does not conflict with federal law and the Supremacy Clause does not preempt the trial court's order. We overrule Bryan's issue.

## CONCLUSION

Having overruled Bryan's issues, we affirm the judgment of the trial court.


Alex Yarbrough
Justice